[No. G042816. Fourth Dist., Div. Three. Sept. 29, 2010.]

HYDUKE'S VALLEY MOTORS, Plaintiff and Appellant, v.
LOBEL FINANCIAL CORPORATION et al., Defendants and Respondents.

## COUNSEL

Jeffrey B. McMillen for Plaintiff and Appellant.

Gary Dean Lobel and Ronald J. Green, Jr., for Defendant and Respondent Lobel Financial Corporation.

Eric S. Ludwig for Defendant and Respondent County Finance Services.

## OPINION

**O'LEARY, Acting P. J.**—Hyduke's Valley Motors (Hyduke's) appeals from the postjudgment order denying its motion for attorney fees against Lobel Financial Corporation (Lobel) and County Finance Services (CFS). Car wholesaler Hyduke's prevailed in its action to recover from finance companies CFS and Lobel the purchase price of vehicles it sold to a used car dealer, which the dealer in turn sold to consumers, with financing provided by CFS and Lobel. Hyduke's contends attorney fees were authorized by the conditional sales contracts between the used car dealer and the consumers that were then assigned to the finance companies. We reject its contentions and affirm the order.

### FACTS AND PROCEDURE

The facts are detailed in our opinion in the concurrently filed companion appeal *Hyduke's Valley Motors v. Lobel Financial Corp.* (Sept. 29, 2010,

G042220) (nonpub. opn.). We briefly summarize them here as relevant to the attorney fees issue presented in this appeal.

Hyduke's is a wholesale used car dealer. It sold vehicles to a second car dealer, Maria Del Rocio Garcia, doing business as U.S. Auto (U.S. Auto) with the agreement U.S. Auto would pay Hyduke's when certificates of title were available to be transferred. U.S. Auto sold the vehicles to consumers under form conditional sales contracts executed by U.S. Auto and the retail purchaser. U.S. Auto then sold (and assigned) the conditional sales contracts to defendant finance companies, CFS and Lobel. U.S. Auto went bankrupt before paying Hyduke's for the certificates of title.

Hyduke's filed this action against CFS and Lobel, among others, seeking to recover the purchase price owed to it by U.S. Auto for the vehicles to obtain the certificates of title. Its complaint contained causes of action for declaratory relief, violation of the Unfair Practices Act (Bus. & Prof. Code, § 17000 et seq.), breach of contract, fraud, money had and received, and conversion.

In a bench trial, the trial court applied this court's decision in *Quartz of Southern California, Inc. v. Mullen Bros., Inc.* (2007) 151 Cal.App.4th 901 [61 Cal.Rptr.3d 54] (*Quartz*), which on largely identical facts held as between the wholesale dealer and the finance company, the wholesale dealer was the legal owner of the title certificates and the finance company was required to purchase the certificates of title from the wholesale dealer for transfer to the consumer buyers. Accordingly, the trial court awarded Hyduke's $75,140 against Lobel and $48,700 against CFS, and directed Hyduke's to deliver the certificates of title to the finance companies upon payment of the judgment. Hyduke's was awarded costs as the prevailing party.

Hyduke's filed a motion seeking attorney fees of $52,458 against CFS and Lobel. It relied upon an attorney fees clause contained in the conditional sales contracts between U.S. Auto and each retail purchaser, which were assigned by U.S. Auto to the finance companies.[1] Hyduke's asserted it was an intended beneficiary of the conditional sales contracts and entitled to attorney fees under Civil Code section 1717's reciprocity provisions.

---

[1] Section 2 of the form conditional sales contracts is titled, "IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES" and describes the selling dealer's remedies in the event of the buyer's default including late charges, acceleration of the full amount owed, and repossession of the car. Section 2c warns the purchaser, "You may have to pay collection costs. You will pay our reasonable costs to collect what you owe, including attorney fees, court costs, collection agency fees, and fees paid for other reasonable collection efforts."

The trial court denied Hyduke's motion. The court concluded Hyduke's could not rely on the conditional sales contracts between U.S. Auto and retail purchasers "because [Hyduke's] is not a party or assignee of those contracts. [Hyduke's] did not sue for the benefit of the consumers. [Hyduke's] sued to get paid for the vehicles. [Hyduke's] prevailed based primarily on the *Quartz*[, *supra*, 151 Cal.App.4th 901] decision which did not rely on consumer contracts, but relied instead on various statutes, including the Vehicle Code and [the California Uniform Commercial Code] and the policies embodied therein. . . ."

## DISCUSSION

Hyduke's contends the trial court erred by concluding it was not entitled to attorney fees. We disagree.

■ As a general rule, each party to litigation must bear its own attorney fees, unless otherwise provided by statute or contract. (Code Civ. Proc., § 1021.) "The determination of the legal basis for an award of attorney fees is a question of law which we review de novo. [Citation.]" (*Honey Baked Hams, Inc. v. Dickens* (1995) 37 Cal.App.4th 421, 424 [43 Cal.Rptr.2d 595], disapproved on other grounds in *Santisas v. Goodin* (1998) 17 Cal.4th 599, 614, fn. 8 [71 Cal.Rptr.2d 830, 951 P.2d 399].)

Hyduke's contends it is entitled to attorney fees as provided for in the conditional sales contracts between U.S. Auto and the retail consumers who bought the subject vehicles. Hyduke's is a not a party to those contracts, but the finance companies were U.S. Auto's assignees. Hyduke's argues it is entitled to attorney fees by virtue of Civil Code section 1717's reciprocity provisions.

Civil Code section 1717 provides in pertinent part, "(a) In any action *on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing *on the contract*, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Italics added.)

■ Civil Code section 1717 makes a one-sided attorney fees provision reciprocal to ensure "mutuality of remedy when the contract includes a provision for the recovery of attorney fees as costs." (*Topanga and Victory*

*Partners v. Toghia* (2002) 103 Cal.App.4th 775, 780 [127 Cal.Rptr.2d 104].) Civil Code section 1717 thus permits "recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed. [Citations.]" (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 611.) Civil Code section 1717 does not apply to noncontract claims. (*Sweat v. Hollister* (1995) 37 Cal.App.4th 603, 610 [43 Cal.Rptr.2d 399], disapproved on other grounds in *Santisas v. Goodin, supra,* 17 Cal.4th at p. 609, fn. 5.)

■ Nonsignatories to contracts are sometimes entitled to attorney fees by virtue of Civil Code section 1717. For example a nonsignatory who prevails in an action on the contract is entitled to attorney fees provided it would have been liable for fees had the other party prevailed. (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129 [158 Cal.Rptr. 1, 599 P.2d 83] [successful defense of contract action brought on alter ego theory].) Conversely, on occasion attorney fees may be assessed *against* a nonsignatory who loses an action on the contract. (*Abdallah v. United Savings Bank* (1996) 43 Cal.App.4th 1101, 1111 [51 Cal.Rptr.2d 286] ["A defendant that has signed a contract providing for attorney fees is generally entitled to fees if it prevails against a nonsignatory plaintiff in an action on the contract"].) "[T]he courts have generally ruled that, if a prevailing signator would be entitled to fees against a nonprevailing nonsignator, then nonsignators in litigation on such contracts are both entitled to attorney fees if they prevail and obligated to pay attorney fees if another party prevails." (Cal. Attorney Fee Awards (Cont.Ed.Bar 2d ed. 2008) Attorney Fee Awards Based on Contract, § 6.10, p. 176.)

But attorney fees are available under Civil Code section 1717 only if the party prevails in an action *on the contract.* The trial court correctly concluded Hyduke's did not prevail in an action on the conditional sales contracts. (*Stout v. Turney* (1978) 22 Cal.3d 718, 730 [150 Cal.Rptr. 637, 586 P.2d 1228] [action for fraud arising out of a contract is not action on contract].)

"It is difficult to draw definitively from case law any general rule regarding what actions and causes of action will be deemed to be 'on a contract' for purposes of [Civil Code section] 1717." (Cal. Attorney Fee Awards, *supra,* Attorney Fee Awards Based on Contract, § 6.26, p. 211.) Among the relevant factors are "the pleaded theories of recovery, the theories asserted and the evidence produced at trial, if any, and also any additional evidence submitted on the motion in order to identify the legal basis of the prevailing party's recovery. [Citations.]" (*Boyd v. Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 377 [258 Cal.Rptr. 473].)

■ Based on the pleadings, the evidence, and the grounds for recovery articulated in the trial court's ruling, we agree with the trial court Hyduke's action was not an action "on a contract" containing an attorney fees provision, i.e., it was not an action on the conditional sales contracts. The mere fact Hyduke's complaint pleaded a breach of contract cause of action is not dispositive. As the trial court recognized, the gravamen of Hyduke's action was to get paid the purchase price to which U.S. Auto agreed for the vehicles, not to enforce anyone's rights in the conditional sales contracts. While it is correct that under this court's reasoning in *Quartz, supra,* 151 Cal.App.4th 901, the finance companies' liability for paying for the certificates of title results from the relationship those contracts created between them and the retail purchasers of the vehicles, that does not convert Hyduke's action into one "on" the consumers' contracts. (See, e.g., *Brown v. West Covina Toyota* (1994) 26 Cal.App.4th 555, 565 [32 Cal.Rptr.2d 85] [action " 'grounded not upon the contract, but upon the duty springing from the relation created by it' " not an action "on a contract"], disapproved on other grounds in *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 996 [73 Cal.Rptr.2d 682, 953 P.2d 858].)

Contrary to Hyduke's contention, this case is not comparable to *Milman v. Shukhat* (1994) 22 Cal.App.4th 538, 540 [27 Cal.Rptr.2d 526]. In *Milman,* the plaintiffs sought declaratory relief concerning the rights of the parties under notes and deeds of trust, which contained attorney fees provisions. The defendant prevailed by proving his signature on the contracts had been forged and thus he was not a party to the contracts. The court concluded the declaratory relief action was one on the contract because it sought to establish the parties' rights thereunder and " '[a]s long as an action "involves" a contract, and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit, the other party should also be entitled to attorney fees if it prevails, even if it does so by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract. [Citations.]' [Citation.]" (*Id.* at p. 545.) *Milman* did nothing more than apply Civil Code section 1717's reciprocity principles.

■ In its reply brief, Hyduke's suggests it was an intended third party beneficiary of the conditional sales contracts between U.S. Auto and the retail purchasers of the vehicles. "[A] nonsignatory seeking relief as a third party beneficiary may recover fees under a fee provision only if it appears that *the contracting parties intended* to extend such a right to one in his position. [Citation.]" (*Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 897 [76 Cal.Rptr.3d 325].) There is simply nothing in this record supporting Hyduke's contention it was an intended beneficiary of the sales contracts between U.S. Auto and the purchasers.

## DISPOSITION

The postjudgment order denying attorney fees is affirmed. In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

Fybel, J., and Ikola, J., concurred.