Filed 6/23/14  Painter v. Francis Realty, Inc, Profit Sharing Plan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| BRENT PAINTER, | C073864 |
| Plaintiff and Appellant, | (Super. Ct. No. 174301) |
| v. | |
| FRANCIS REALTY, INC., PROFIT SHARING PLAN et al., | |
| Defendants and Respondents. | |

Plaintiff Brent A. Painter brings this pro se appeal from an award of attorney fees to defendants Francis Realty Profit Sharing Plan (Francis Realty) and Placer Foreclosure, Inc., following defendants' successful motion for summary judgment.  Painter contends the attorney fee award of $41,350 pursuant to Civil Code section 1717[1] was improper

---

[1] Further undesignated statutory references are to the Civil Code.

1

because the underlying complaint sounded in tort, rather than in contract, and the judge that granted defendants' motion for attorney fees was prejudicially biased against him.

Because only the cause of action for declaratory relief may be said to have been brought "on the contract" for the purposes of section 1717, we reverse and remand the matter for the trial court to exercise its discretion to allocate attorney fees appropriately.

## BACKGROUND

*The Foreclosure, the Complaint, and the Summary Judgment Motion*

In August 2009, Painter's mother Betty J. Painter (Betty)[2] borrowed $550,000 from Francis Realty. The loan was memorialized by a promissory note and secured by a deed of trust against real property in an unincorporated part of Shasta County.

The promissory note contained an attorney fee clause by which Betty "promise[d] to pay such sum as the court may fix as attorney's fees" if an "action be instituted on this Note." The accompanying deed of trust (entitled "First Deed of Trust with Assignment of Rents") contains no attorney fee provision.

Betty defaulted on the note by failing to make the monthly payments it required and Francis Realty recorded a notice of default and election to sell, and notice of trustee's sale.

Betty filed for bankruptcy protection, which had the effect of delaying the trustee's sale. Betty then transferred the property to Painter and his wife; Painter and his wife filed for bankruptcy protection, which further delayed the trustee's sale. Eventually, the trustee sale occurred, and Francis Realty purchased the property at the sale.

Painter and his wife, who lived on the property, refused to vacate and Francis Realty brought an unlawful detainer action against them.

---

[2] Because the plaintiffs share a surname, we refer to Betty Painter by her first name.

Betty and Painter then filed the instant action for damages, rescission, and declaratory and injunctive relief against Francis Realty and Placer Foreclosure based on their actions in connection with the foreclosure. The complaint alleges, in summary, that defendants: (1) failed to comply with sections 2923.5 and 1572 when conducting the foreclosure; (2) fraudulently named Placer Foreclosure as trustee; (3) intentionally and negligently misrepresented that Placer Foreclosure was authorized to conduct the trustee's sale; (4) engaged in fraudulent business practices within the meaning of Business and Professions Code section 17200; and (5) violated the Federal Truth in Lending Act by failing to provide Betty with notice she could rescind the transaction. Finally, Betty and Painter also sought to quiet title the property to themselves, and sought a declaration that Francis Realty had no legal right to authorize foreclosure on the property.

Betty, Painter, and his wife brought a motion to consolidate the unlawful detainer action with the complaint or, alternatively, to stay the unlawful detainer action. Defendants opposed the motion, and the court denied it. Francis Realty obtained a judgment in the unlawful detainer action and obtained possession of the property. Betty, Painter, and his wife sought an ex parte preliminary injunction enjoining defendants from removing them from the property during the pendency of the action. Defendants opposed the application and the court denied it.

Defendants then moved for summary judgment. Painter's opposition to the motion conceded most of defendants' arguments, but sought to amend the complaint to add a claim that the description of the property secured by the deed of trust erroneously purported to include water rights associated with it.

The trial court denied Painter's request to amend the complaint and granted defendants' motion for summary judgment. In so doing, the court (Baker, J.) made the following findings:

The first cause of action asserts violations of section 2923.5 and the California Foreclosure Prevention Act in connection with the foreclosure. Because those provisions apply only to loans made between 2003 and 2007 and in 2008 respectively, and the note and deed of trust here were executed in August 2009, plaintiffs cannot show the existence of a triable issue of fact on these statutory claims.

The second cause of action for fraud fails because the allegations of an improper assignment of the deed of trust or the note are without factual basis, and Placer Foreclosure was properly substituted as trustee.

The third cause of action for intentional misrepresentation and fourth cause of action for negligent misrepresentation rest on allegations that Placer Foreclosure was not authorized to commence the foreclosure action, and failed to comply with section 2923.5. These two causes of action lack merit as a matter of law.

The fifth cause of action purports to allege actionable fraud, but it contains no additional allegations of fact, other than the fraud claims raised in the third and fourth causes of action.

The sixth cause of action for violation of Business and Professions Code section 17200 fails because the alleged fraudulent business practice is defendants' failure to comply with section 2923.5, which is inapplicable.

The seventh cause of action alleges defendants violated the Federal Truth in Lending Act, but its provisions apply only to creditors who "regularly extend consumer credit," which is defined in the applicable regulations; Francis Realty does not meet this definition.

The eighth cause of action to quiet title alleges defendants lacked standing to foreclose, and the trustee's sale is therefore void. Defendants' evidence shows they did have standing.

Finally, the ninth cause of action seeks a declaration of the parties' respective rights and duties regarding the property, a claim the court found to rest on the mistaken "premise that defendants lacked standing to foreclose."

*The Motion for Attorney Fees*

After their summary judgment motion was granted, defendants filed a memorandum of costs and motion for attorney fees, seeking fees of $41,350 pursuant to section 1717. Defendants' counsel submitted a declaration in support of the motion seeking an award of attorney fees, to which he attached a statement showing what work was performed on the matter and the time billed for each item.

Betty and Painter opposed the request, filing a motion to strike the motion for attorney fees or, alternatively, to tax costs. They argued no attorney fee award was proper because the complaint was a tort action, not an action "on the contract" to which section 1717 applies, and the fees sought were excessive.

Following an unreported hearing, at which Painter appeared, the trial court (Marlow, J.) granted defendants' request for attorney fees. The court's order notes that the complaint "asserted nine different causes of action arising out of defendants' attempted foreclosure on a deed of trust" and it found that the action was "at least in part, an action arising out of the Note and Deed of Trust and that Civil Code section 1717 applies." Considering all of the factors applicable to a claim for attorney fees under *Ketchum v. Moses* (2001) 24 Cal.4th 1122 and *Serano v. Priest* (1977) 20 Cal.3d 25, the court found "[d]efendants were required to answer the complaint, respond to plaintiffs' motion to consolidate, respond to plaintiff's request for injunctive relief, file motions to compel plaintiffs' responses to discovery, and file a motion for summary judgment," and determined that defendants' attorney fees claim of $41,350, based on a billing rate of $280 for 147.48 hours spent, to be "reasonable and necessary."

5

## DISCUSSION

### I

### *The Application of Section 1717*

As a general rule, each party to litigation must bear its own attorney fees, unless otherwise provided by statute or contract. (Code Civ. Proc., § 1021.) The determination of the legal basis for an award of attorney fees is a question of law which we review de novo. (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 821 (*Brown*).

Absent a statute authorizing the recovery of attorney fees, the parties may agree on whether and how to allocate attorney fees. (*Xuereb v. Marcus & Millichap, Inc*. (1992) 3 Cal.App.4th 1338, 1341 (*Xuereb*).) They may limit the recovery of fees only to claims arising from certain transactions or events, or award them only on certain types of claims. (*Brown, supra,* 219 Cal.App.4th at p. 818.) Here, the parties' agreement to an award of attorney fees *is* limited: they agreed as a provision of the promissory note that Betty would "pay such sum as the court may fix as attorney's fees" if an "action be instituted on th[e] Note." An action "on the Note" is analogous to a provision allowing recovery of attorney fees to enforce the terms of a note, and should be interpreted narrowly. (Cf. *Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743.)

Attorney fees are available under section 1717 only if the party prevails in an action *on the contract*.[3] Moreover, the gravamen of the action must be to enforce that

---

[3] Section 1717 provides in relevant part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs . . . [¶] . . . [¶]

"(b)(1) The court . . . shall determine who is the party prevailing on the contract for purposes of this section . . . . [T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract. The court may also

contract. (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435 (*Hyduke's Valley*).) " 'It is difficult to draw definitively from case law any general rule regarding what actions and causes of action will be deemed to be "on a contract" for purposes of [Civil Code section] 1717.' [Citation.] Among the relevant factors are 'the pleaded theories of recovery, the theories asserted and the evidence produced at trial, if any, and also any additional evidence submitted on the motion in order to identify the legal basis of the prevailing party's recovery. [Citations.]' " (*Ibid.*; see also *Brown, supra,* 219 Cal.App.4th at pp. 821-822, and cases cited therein.) An action which is not on a contract containing an attorney fee provision is not an action "on the contract" within the meaning of section 1717. (See *Hyduke's Valley*, *supra*, 189 Cal.App.4th at p. 436.)

An examination of Painter's pleaded theories of recovery shows that, with one exception, defendants did not prevail on causes of action "on the contract" for purposes of section 1717. The first two causes of action seek to enforce statutory duties imposed upon mortgage servicers who seek to foreclose, which the trial court found not to apply to the transactions between the parties, which occurred in 2009. The second cause of action is for fraud based on actions of the alleged trustee under the deed of trust; and the third and fourth causes of action allege misrepresentation in connection with the foreclosure; the fifth cause of action alleges fraud; the sixth cause of action asserts a fraudulent business practice; and the seventh cause of action asserts a violation of a statutory duty to give notice. The eighth cause of action charges defendants lack standing to foreclose.

Though defendants prevailed on the first eight causes of action, those were not causes of action brought "on the contract" that provided for the recovery of attorney fees by the prevailing party within the meaning of section 1717. (See *Hyduke's Valley, supra*,

---

determine that there is no party prevailing on the contract for purposes of this section. . . ." (§ 1717, subds. (a), (b).)

7

189 Cal.App.4th at p. 436.) Only one of the two contracts at issue, the promissory note, contains an attorney fee provision. The first eight causes of action do not purport to challenge the validity of the promissory note or otherwise assert that Betty did not owe the money she borrowed under the promissory note from Francis Realty. Rather, the underlying basis for those causes of action is plaintiffs' claim that the notice of default under the deed of trust and subsequent trustee's sale under the deed of trust was statutorily deficient, fraudulently made, or conducted without standing by defendants.

The second, third, fourth, fifth, and sixth causes of action seek relief on tort grounds, based on the defendants' alleged actions in connection with the foreclosure on the property. Section 1717 "does not apply to tort claims; it determines which party, if any, is entitled to attorneys' fees on a *contract claim only*. [Citations.] As to tort claims, the question of whether to award attorneys' fees turns on the language of the contractual attorneys' fee provision, i.e., whether the party seeking fees has 'prevailed' within the meaning of the provision and whether the type of claim is within the scope of the provision. [Citation.] This distinction between contract and tort claims flows from the fact that a tort claim is not 'on a contract' and is therefore outside the ambit of section 1717. [Citations.]" (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 708; see *Santisas v. Goodin* (1998) 17 Cal.4th 599, 615 (*Santisas*); *Xuereb, supra*, 3 Cal.App.4th at p. 1342.) Thus, the court must disregard any tort claims included in the action when determining whether section 1717 applies. (See *Santisas*, at p. 615; *Exxess*, at p. 708.)

Two claims, the first and seventh causes of action, are based on allegations defendants violated various statutory duties imposed upon those who seek to foreclose upon property. The eighth cause of action claims defendants lacked standing to foreclose upon the property. These claims, too, do not represent causes of action "on a contract" containing an attorney fee provision within the meaning of section 1717. To the extent that the first eight causes of action may be said to "involve" a contract, the contract they

8

involve (i.e. the deed of trust) is one which does not provide for the award of attorney fees.

This brings us to the final and ninth cause of action for declaratory relief to "ascertain their rights and duties pursuant to the property and all matters related to and arising from it." The complaint's prayer includes plaintiffs' request for "a declaration of the rights and duties of the parties relative to Plaintiffs' Home to determine the actual status and validity of the loan, Deed of Trust and Notice of Default." Section 1717 applies if the action was on a contract, even though the relief sought was of a declaratory nature. (*Milman v. Shukhat* (1994) 22 Cal.App.4th 538, 545.) Thus, only to the extent that defendants prevailed on the cause of action for declaratory relief to determine the "validity of the loan," were they entitled to recover their attorney fees.

II

*Apportionment of Defendants' Request for Attorney Fees*

Where, as here, an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims. (*Santisas, supra*, 17 Cal.4th at p. 615.)

"Where a cause of action based on the contract providing for attorneys' fees is joined with other causes of action beyond the contract, the prevailing party may recover attorneys' fees under section 1717 only as they relate to the contract action." (*Brown, supra,* 219 Cal.App.4th at p. 829; see also *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129; *Amtower v. Photon Dynamics, Inc*. (2008) 158 Cal.App.4th 1582, 1603-1604.) The prevailing party seeking attorney fees as costs in such a case must generally allocate the attorney fees incurred between the causes of action on the contract and causes of action related to noncontract claims, or causes of action based upon contracts that contain no attorney fee provision; and allocation is within the trial court's discretion. (*Reynolds,* at p. 219; *Amtower,* at pp. 1603-1604.)

9

Defendants made no attempt to allocate the attorney fees incurred between the declaratory relief cause of action that was arguably on the contract from the noncontract causes of action. In opposing defendants' motion for attorney fees, Painter argued in writing that the complaint was not an action on the contract, because it was based on defendants' foreclosure on the property and was "principally a tort case, not a contracts law case." This record counters respondents' argument that plaintiffs failed to raise the issue below. This argument, though far from artful, was sufficient.[4]

Where fees are authorized for some causes of action in a complaint but not for others, the trial court has discretion to allocate the attorney fees claimed among them, and to award only those fees incurred to defend against causes of action brought on the contract. (See *Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 555.) Here, the trial court's order granting defendants' motion for attorney fees does not reflect the court's understanding of the need to determine this issue or to exercise its discretion accordingly.

Defendants argue attorney fees need not be apportioned when the issues raised by the various claims are so interrelated it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not (see *Brown, supra,* 219 Cal.App.4th at pp. 829-830); they suggest the trial court *may* have applied this rule to determine that apportionment was inappropriate in this case. But the record is silent on this point. Accordingly, we must remand the matter to the trial

---

**4** In so concluding, we are not relieving Painter from the same restrictive rules of procedure that would apply were he an attorney. (See *Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

10

court for it to exercise its discretion to allocate the attorney fees sought by defendants. (See *id.* at p. 830.)

We disagree, however, with Painter's argument that Judge Marlow "showed prejudicial bias in her ruling." Painter has not shown the trial court was biased against plaintiffs on the basis of their pro se status or otherwise. We have reviewed the record and find nothing to support such a claim. Nor does the record suggest that Judge Marlow "disregard[ed] any and all aspect[s]" of Painter's opposition to defendants' request for attorney fees. Moreover, Painter offers no cogent analysis supported by citations to the record and authority of how the court was biased against him. Therefore, his claim of bias is forfeited. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239-1240.)

## DISPOSITION

We reverse the trial court's order awarding attorney fees to defendants, and remand for the trial court to determine, in a manner consistent with this opinion, whether any attorney fees are recoverable pursuant to Civil Code section 1717. Painter shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278 (a)(2).)


       DUARTE       , J.


We concur:


    BLEASE    , Acting P. J.


    NICHOLSON   , J.

11