Filed 9/10/15  Eldridge v. Village Trailer Park, Inc. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CATHERINE ELDRIDGE,<br><br>        Plaintiff, Cross-defendant and Respondent,<br><br>        v.<br><br>VILLAGE TRAILER PARK, INC., et al.,<br><br>        Defendants, Cross-complainants and Appellants. | B252841<br><br>(Los Angeles County<br>Super. Ct. No. BC465320) |

APPEAL from an order of the Superior Court of Los Angeles County, Cesar C. Sarmiento, Judge.  Reversed.

Horvitz & Levy, David M. Axelrad, Felix Shafir; McKenna, Long & Aldridge, David R. Krause-Leemon and Michelle K. Sugihara for Defendants, Cross-complainants and Appellants.

Campbell & Farahani, Frances M. Campbell and Nima Farahani for Plaintiff, Cross-defendant and Respondent.

───────────────

INTRODUCTION

Defendants Village Trailer Park, Inc., Village Trailer Park LLC, and Marc Luzzatto (together, defendants) appeal from the post-judgment order awarding attorney's fees to Catherine Eldridge, the prevailing party in a declaratory relief action concerning a dispute over the terms of a settlement agreement between the parties in an earlier lawsuit. (Civ. Code, § 1717, subd. (a).)[1] We hold that the award of attorney's fees was error because, as a matter of law, the settlement agreement sued on did not authorize an award of attorney's fees. Although Eldridge's lease did contain an attorney's fee clause, she did not sue for breach of her lease. Accordingly, we reverse the order.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Eldridge's lawsuit against defendants*

Eldridge is a tenant in the Village Trailer Park (the park), a mobile home park located in the City of Santa Monica and owned by defendants. She entered into a 60-month lease commencing February 1, 1999. The lease included in paragraph 33 a provision for the recovery of attorney's fees by the prevailing party "incurred in the event of litigation between us."

Eldridge was a plaintiff, along with numerous other park residents, in an action alleging Village Trailer Park, Inc. failed to maintain electrical, water, sewage, gas, and other facilities in the park. (*McNama v. Village Trailer Park, Inc*. (Super. Ct. L.A. County, 2003, No. SC062254).) That action was resolved in 2003 by a settlement, much of which was placed on the record in the trial court. (The *McNama* settlement.) Portions of the oral part of the *McNama* settlement concerned Eldridge only.

In 2011, Eldridge filed the instant action seeking declaratory and injunctive relief because of concerns that defendants planned to develop the park and evict her. She sought "declaratory relief regarding her rights *under* [*the*] *2003 Settlement Agreement* entered into in the case of *McNama v. Village Trailer Park, Inc.*" (Italics added.) In particular, Eldridge's complaint requested a declaration, based on the oral portion of the

---

[1]     All further statutory references are to the Civil Code, unless otherwise noted.

*McNama* settlement, that defendants had no right to, and were precluded from, taking any action that would change her lot line or cause her to move her home. Eldridge's complaint makes no mention of her lease.

Defendants cross-complained against Eldridge seeking a declaration that they were not obligated by any agreement with Eldridge.

Trial involved the interpretation of the *McNama* settlement and the scope of its provisions as applied to Eldridge, and whether defendants were bound by that agreement. After trial to the bench, the court ruled in favor of Eldridge. The court found that the *McNama* settlement language was not ambiguous and based thereon, declared that defendants could not terminate Eldridge's lease absent some legal requirement by an appropriate government agency.

2. *Eldridge's attorney's fee motion*

Eldridge moved for an award of attorney's fees against defendants in the amount of $325,680 on the ground that she was the prevailing party in the declaratory relief action. The sole basis relied on by Eldridge for the award was paragraph 33 of her lease and section 1717.

Defendants opposed the motion on the ground that Eldridge's declaratory relief action was based on the *McNama* settlement rather than on her lease, and that the *McNama* settlement did not authorize recovery of attorney's fees. That settlement expressly required the parties to bear their own fees in the *McNama* litigation, and was silent about the recovery of fees in later litigation on that agreement.

Recognizing that the *McNama* settlement did not provide for an award of attorney's fees, the trial court stated at the hearing, "The issue really is, does this action arise out of the lease." The court stated that the "only way that attorney fees are going to be recoverable" would be based on an interpretation that this lawsuit "arose out of the lease agreement between the two parties" because the lease contained an attorney's fees clause.

The trial court resolved the issue in Eldridge's favor and granted her motion based on the lease's attorney's fee provision. Quoting from *Boyd v. Oscar Fisher Co.* (1989)

3

210 Cal.App.3d 368 (*Boyd*), the court construed the *McNama* settlement together with the lease, reasoning that together the two agreements governed Eldridge's rights as defendants' tenant. The court found that the lease's fee provision was "extremely broad and applies to litigation between the landlord and tenant without any express limitation" and that "[t]his action was asserted to vindicate [Eldridge's] rights as a tenant." On that basis, the court ruled that Eldridge was entitled to attorney's fees and fixed the amount at $146,970. Defendants appeal.

CONTENTION

Defendants contend that the trial court erred as a matter of law in awarding Eldridge attorney's fees under the authority of Civil Code section 1717 and *Boyd*. They do not challenge the amount of the fee award.

DISCUSSION

Code of Civil Procedure section 1033.5, subdivision (a)(10) allows the recovery of attorney's fees as part of costs if such fees are authorized by a contract or statute. Section 1717, subdivision (a) reads in relevant part, "In any action *on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Italics added.)

Section 1717 " 'covers *only* contract actions, where the theory of the case is breach of contract, and where the contract sued *upon* itself specifically provides for an award of attorney fees incurred to enforce *that* contract.' [Citation.]" (*Federal Deposit Ins. Corp. v. Dintino* (2008) 167 Cal.App.4th 333, 357, second italics added.) To determine which contract was sued upon, we look to the gravamen of the action and the evidence, and the grounds of recovery articulated in the trial court's ruling. (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435-436.) Eldridge's motion premised her right to attorney's fees on her lease, and on appeal, she insists that the "underlying action involved [her] right to remain a tenant under her lease."

4

Looking at Eldridge's complaint however, and at the evidence adduced at trial, there is no question but that her declaratory relief action was *on* the *McNama* settlement and not on the lease. The gravamen of Eldridge's action was that the *McNama* settlement prevented defendants from moving her or evicting her. Stated otherwise, Eldridge was suing defendants to prevent their breach of the *McNama* settlement. That she sought in this litigation to remain a tenant in the park does not convert her action to one "on" the lease because her right to stay in the park was based on the words of the *McNama* settlement alone.[2]

Recognizing the problem, the trial court relied on the authority of *Boyd* to construe the *McNama* settlement together with Eldridge's lease so as to invoke the lease's broad attorney's fee provision. In *Boyd*, the trial court awarded a manufacturer attorney's fees on a written dealership agreement with a dealer despite the absence of an attorney's fee provision. However, the manufacturer's invoices did provide for attorney's fees. (*Boyd*, *supra*, 210 Cal.App.3d at pp. 372-375, 378.) *Boyd* recited the rule that "Courts will construe together several documents concerning the same subject and made as part of the same transaction (Civ. Code, § 1642; [citation]) even though the documents were not executed contemporaneously [citations] and do not refer to each other [citations]. It is generally a factual question whether several documents were intended to govern the same transaction. [Citations.] However, '[i]nterpretation of a contract presents a question of law unless it depends on conflicting evidence, and an appellate court is not bound by a trial court's interpretation which does not depend on the credibility of extrinsic evidence.'

---

[2] In her brief on appeal, Eldridge argues she is entitled to recover attorney's fees under Code of Civil Procedure section 1021 because her lease allows the prevailing party to recover attorney's fees "incurred in the event of litigation between us." However, apart from the fact that Eldridge raises this basis for fees for the first time on appeal and so has forfeited it (*In re Marriage of Modnick* (1983) 33 Cal.3d 897, 913, fn. 15; *Santantonio v. Westinghouse Broadcasting Co*. (1994) 25 Cal.App.4th 102, 113), her "contractual right to attorney fees must come from the agreement that was entered and *was breached*," not from an unrelated one that was not breached. (*Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 61, italics added.)

5

[Citations.]" (*Boyd*, *supra*, at p. 378.) The *Boyd* court read the dealership agreement together with the manufacturer's invoices to affirm the fee award. (*Id*. at pp. 379-380.)

Neither *Boyd* nor Civil Code section 1642 authorizes the construction of Eldridge's lease together with the *McNama* settlement agreement as part of a single transaction. The *Boyd* dealership agreement and subsequent invoices were considered related to each other by the California Uniform Commercial Code sales provisions governing dealership contracts. (*Boyd*, *supra*, 210 Cal.App.3d at p. 379, quoting from Cal. U. Com. Code, § 1201, subd. (b)(12).) Also, the dealer never suggested that the dealership agreement, the first contract, was intended to be a final and exclusive expression of the parties' agreement. (*Boyd*, *supra*, at p. 379.) Finally, the conduct of the parties supported the conclusion that they added terms to the dealership agreement by subsequent invoices. (*Ibid.*)

Here, no statute that operates like the Uniform Commercial Code applies to read the lease and the *McNama* settlement as part of the same transaction. Nothing in the *McNama* settlement indicates that it was meant to be construed together with the lease. Neither agreement refers to the other. Merely because these two contracts concern Eldridge's presence at defendants' park does not transform the two agreements into a single transaction. Rather, unlike *Boyd*, the lease here contains an integration clause and so the lease was the final and exclusive expression of the parties' agreement at the time. Thus, the *McNama* settlement created an entirely new right to stay in the park. These uncontradicted facts preclude us from inferring that the parties intended that the *McNama* settlement would add terms to the lease so as to justify construing the two agreements together as part of the same transaction.

"The general rule under the code section [1642] . . . is that two or more separately executed instruments may be considered and construed as one contract 'only when upon their face they deal with the same subject matter and are by reference to one another so connected that they may be fairly said to be interdependent.' [Citations.]" (*Coons v. Henry* (1960) 186 Cal.App.2d 512, 517.) The lease and the *McNama* settlement provide for contradictory bases for their termination. The lease, which has long since expired,

could be terminated in accordance with the requirements of the Mobilehome Residency law, whereas the *McNama* settlement prohibits termination "absent some legal requirement by an appropriate government entity." Thus, Eldridge's right to remain at the park is premised solely on the *McNama* settlement. Civil Code section 1642 does not apply to warrant extension of the lease's attorney's fee provision to this lawsuit to enforce the *McNama* settlement.

Where the evidence is not in dispute, interpretation of the contracts to determine whether they were intended to govern the same transaction presents a question of law. (*Boyd*, *supra*, 210 Cal.App.3d at p. 378.) As a matter of law these documents are not intended to govern the same transaction. Therefore, neither section 1717 nor section 1642, nor *Boyd* allows Eldridge to recover fees on the basis of an attorney's fee provision in her lease, which was never at issue, or for vindication of the *McNama* settlement which had no attorney's fees clause. There is no legal basis for the award of attorney's fees to Eldridge.

DISPOSITION

The order appealed from is reversed.  Appellant is to recover costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.



We concur:




KITCHING, Acting P. J.




JONES, J.*

---

* Judge of the Los Angeles Superior Court, assigned by Chief Justice pursuant to article VI, section 6 of the California Constitution.