Filed 8/22/16  Goldenwest Plaza v. The Frank and Gertrude R. Doyle Foundation CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| GOLDENWEST PLAZA, LLC, | |
| Plaintiff, Cross-defendant and Respondent, | G050766 |
| v. | (Super. Ct. No. 30-2013-00638461) |
| THE FRANK M. AND GERTRUDE R. DOYLE FOUNDATION, INC., et al., | O P I N I O N |
| Defendants, Cross-complainants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Thierry Patrick Colaw, Judge.  Affirmed.

David B. Dimitruk for Defendants, Cross-complainants and Appellants.

Morasse Collins & Clark and Steven R. Morasse for Plaintiff, Cross-defendant and Respondent.

\*          \*          \*

**INTRODUCTION**

Defendant The Frank M. and Gertrude R. Doyle Foundation, Inc. (Defendant Foundation), and defendant Goldenwest/Edinger, LP (Defendant G/E),[1] appeal from an order denying their motion for attorney fees and costs. The motion arose in a somewhat unusual situation. Plaintiff Goldenwest Plaza, LLC (Plaintiff), brought a statutory partition action against Defendants, and Defendants cross-complained against Plaintiff to enjoin any partition by sale and alternatively to seek partition in kind. Although the litigation settled on the first day of trial, the settlement agreement expressly reserved the right of any party to seek attorney fees.

Defendants moved to recover attorney fees on two bases: (1) Civil Code section 1717 (attorney fees incurred in an action on a contract), and (2) Code of Civil Procedure sections 874.010 and 874.040 (attorney fees incurred in a partition action for the common benefit). The trial court denied the motion based on a finding that no party prevailed in the action. We conclude the trial court did not err by denying the motion. The parties reached a true compromise settlement agreement in which no party achieved its main litigation objectives, and in the settlement agreement the parties agreed to give the trial court the right to decide that no party may recover attorney fees. We therefore affirm.

**FACTS AND PROCEDURAL HISTORY**

**I. Background**

The subject of the underlying litigation was a 185,000-square-foot retail shopping center in Huntington Beach known as Goldenwest Plaza (the Shopping Center). Plaintiff owned an undivided 7.5 percent ownership interest; Defendant Foundation

---

[1] Defendant Foundation and Defendant G/E are together called Defendants.

2

owned an undivided 37.5 percent ownership interest; Defendant G/E owned an undivided 30 percent ownership interest; and Busby Family, LLC, owned an undivided 25 percent ownership interest in the Shopping Center.  Plaintiff, Defendant Foundation, Defendant G/E, and Busby Family, LLC, owned their respective interests in the Shopping Center as tenants in common.

In preparation for the development of the Shopping Center, a declaration of covenants, conditions, easements, and restrictions (the Declaration) was recorded in May 1977.  Among the Declaration's many provisions is the following:  "Declarant plans to develop the Shopping Center as an integrated retail sales area for the mutual benefit of all real property in the Shopping Center and, for such purposes, does hereby fix and establish easements, covenants, restrictions, liens and charges (hereinafter collectively referred to as 'Restrictions'), upon and subject to which all of said Shopping Center, or any part thereof, shall be improved, held, leased, sold and/or conveyed."  The Declaration has a term of 55 years.

Section 10.10 of the Declaration is an attorney fees provision stating:  "In the event that suit is brought for the enforcement of this Declaration or as a result of any alleged breach thereof, the successful litigant or litigants in such suit . . . shall be entitled to be paid reasonable attorneys' fees by the losing litigant or litigants, and any judgment or decree rendered shall include an award thereof."

Plaintiff acquired its interest in the Shopping Center in February 2009 for the sum of $970,000.  Youseff Ibrahim, who is Plaintiff's managing member, managed the Shopping Center for 17 years starting in 1996.  Since that time, there has been animosity between Ibrahim and F. Patrick Doyle, who is an officer of Defendant Foundation and an owner of Defendant G/E.  Since 2009, Ibrahim and Doyle have disagreed regularly on prospective tenants, rental terms, contractors, vendors, remodeling, management, operation, direction, and disposition of the Shopping Center.  Doyle and his sister, Molly Glen, accused Ibrahim of dishonesty, mismanagement, and

3

incompetence. In this litigation, Defendants accused Ibrahim of being a sexual predator and an embezzler.

## II. The Litigation

In March 2013, Plaintiff filed a complaint for partition under Code of Civil Procedure section 872.020 et seq. The operative pleading was a first amended complaint (the Partition Complaint) which asserted causes of action for partition by sale and declaratory relief. The Partition Complaint alleged: "The tenant in common relationship between [Plaintiff], on the one hand, and [Defendant] Foundation and [Defendant] G/E, on the other, has been irreparably damaged due to disputes, personal grudges and other issues between them concerning the direction, operation, management and ultimate disposition of the [Shopping Center]. It is in the best interest of the tenants in common and the [Shopping Center] to permanently end the tenant in common relationship and permanently end current and future disputes between the parties by a sale of the [Shopping Center]."

As relief, the Partition Complaint sought "an order and judgment that the [Shopping Center] be sold and that from the proceeds of the sale any encumbrance be paid, together with the costs and expenses of this action and the sale, and the net proceeds then be divided between [Plaintiff], [Defendant] Foundation, [Defendant] G/E and Busby in accordance with their respective interests."

Defendants answered the Partition Complaint and filed a cross-complaint against Plaintiff (the Cross-complaint). The Cross-complaint asserted causes of action for injunctive relief and partition in kind. As part of the injunctive relief cause of action, the Cross-complaint alleged the Declaration barred Plaintiff's partition cause of action. Section 1.1 of the Declaration stated: "In the event that more than one person or entity owns fee title to any Parcel, whether by way of undivided interest or in severalty, the person and/or entity holding all of the fee interest in and to any Parcel shall, for the purposes of this Declaration, be jointly considered a single Owner." The

4

Cross-complaint alleged that passage from the Declaration meant: "[I]n order to cause the entire fee estate of the [Shopping Center] to be sold and transferred, the consent of all co-tenants is required before a sale may be effected. The cross-complainants have not consented and do not consent to a transfer of the fee estate to all seven parcels to be sold or transferred to another." The Cross-complaint sought an injunction "to enforce the Declaration" and "to also preserve and protect the rights and benefits to which the cross-complainants are entitled to enjoy under the provisions of the Declaration."

In the partition in kind cause of action, the Cross-complaint alleged that partition of the Shopping Center by forced sale would be unfair to the cotenants and was barred by doctrines of implied waiver and estoppel. In the alternative, the Cross-complaint alleged the Shopping Center could and should be "divided in kind" among the cotenants rather than be the subject of a forced sale.

### III.  The Settlement Agreement

All parties reached a settlement in March 2014. A written settlement agreement (the Settlement Agreement) was prepared and signed by all parties. Among the recitals in the Settlement Agreement are the following:

"D.  In the original and first amended complaint, [Plaintiff] requested that the Court require the entire Shopping Center to be ordered to be sold pursuant to its claim that the entire shopping center be sold. [Plaintiff] contended from the commencement of the Lawsuit to the day of the trial of the Lawsuit was to commence that the entire Shopping Center should be sold. [D]efendants contested [P]laintiff's request to force a sale of the entire Shopping Center.

"E.  In its cross-complaint, [Defendant] Foundation and [Defendant G/E] requested that the Shopping Center be partitioned in kind in some manner instead of selling the Shopping Center. From the time they filed their cross-complaint to the day the trial of the Lawsuit was to commence, [Defendant] Foundation and [Defendant G/E]

5

contended that the Court should effect a partition in kind. [Plaintiff] contested . . . any partition in kind."

Under the terms of the Settlement Agreement, Plaintiff sold its 7.5 percent cotenancy interest in the Shopping Center to Defendants for $2,017,500. The parties mutually agreed to a "Release of Claims," which included mutual releases and Civil Code section 1542 waivers.

Under the terms of the Settlement Agreement, the parties reserved the right to seek attorney fees. Section 2.3 of the Settlement Agreement states, in relevant part:

"2.3 As a material condition to the formation of this Agreement, each party to this Agreement reserves the right to file a motion for the recovery of attorneys' fees and costs incurred in the Lawsuit pursuant to Code of Civil Procedure sections 874.010, 874.020, 874.030, 874.040 and 874.050 and such other grounds as may entitle any party to claim a right to attorney fees and costs. The parties agree that the Court shall have the jurisdiction to award such attorney fees and costs and that the Court may take this Agreement into account in making a decision as to whether any party is entitled to an award of attorney fees and costs, if any, even though no judgment has been entered; provided, however, that (1) nothing herein is intended to nor shall it constitute or be deemed to create an attorneys' fees provision; (2) [Plaintiff] disputes that there is any basis under California law for an award of attorneys' fees and/or costs in this settled case and, even if there is (which [Plaintiff] disputes), the Court only has jurisdiction to award attorneys' fees and costs to the extent allowable under applicable California law, if any; and (3) *the Court has the right to decide that no party is entitled to an award of attorneys' fees and/or costs*." (Italics added.)

### IV. Motions for Attorney Fees

All parties filed motions to recover attorney fees. Relevant here is the motion filed by Defendants, which sought attorney fees based on two grounds:

(1) section 10.10 of the Declaration and Civil Code section 1717 (attorney fees incurred in an action on a contract), and (2) Code of Civil Procedure sections 874.010 and 874.040 (attorney fees incurred in a partition action for the common benefit). Defendants requested an award of about $203,000 in attorney fees and about $118,000 in costs and expenses.

The trial court denied all motions for attorney fees. In a minute order denying the motion of Defendants, the court explained:

"The court in its discretion finds there is no prevailing party in this action. The parties reached a mutual, global settlement on the first day of trial on their own accord. No rulings were made by the court and no preliminary issues were decided.

"In reviewing the terms of the settlement, each party realized some of their litigation objectives as well as forfeiting some of their litigation objectives. Plaintiff did not obtain any partition of the property, but it did recover the current value of its interest in the property. Defendants did not obtain a defense verdict against plaintiff or a dismissal of all of the claims against them. They bought their peace of mind by paying plaintiff an amount equal to the current value of the 7.5% interest of property owned by plaintiff to reclaim all of the parcels of land in order to keep their Net Income Plan intact.

"Whether defendants' motives and actions were for the common benefit of the co-tenants or primarily for their own benefit with potential reciprocal benefits to the co-tenants need not be decided because in balancing the principal litigation objectives achieved by all parties on both sides, this is a case where the court finds the parties' realization of their litigation objectives is split down the middle. Black's Law Dictionary defines settlement as: 'The act by which parties who have been dealing together arrange their accounts and strike a balance.'

"Based on the practical impact of the settlement on all parties, the litigation objectives achieved by each party and balancing those objectives against the forfeiture of

any rights by each party, fairness dictates a finding that there is no prevailing party in this lawsuit."

Defendants filed a request for a statement of decision. No statement of decision was issued. Defendants timely appealed from the minute order denying their motion for attorney fees and costs.

## DISCUSSION

### I. Contractual Attorney Fees Under
### Civil Code Section 1717

Defendants argue the trial court erred by finding that no party prevailed and denying their request for contract-based attorney fees. We conclude otherwise.

Attorney fees, when authorized by contract, are allowable as costs. (Code Civ. Proc., § 1033.5, subd. (a)(10).) Code of Civil Procedure section 1021 leaves the "measure and mode of compensation" for attorney fees to the agreement of the parties. Civil Code section 1717 governs attorney fee awards for enforcing contracts that include fee-shifting clauses. Section 1717, subdivision (a) awards attorney fees to the "party prevailing on the contract, whether he or she is the party specified in the contract or not." Section 1717, subdivision (b)(1) defines prevailing party as "the party who recovered greater relief in the action on the contract."

To recover attorney fees based on contract, a party must (1) prevail (2) in an action (3) on a contract (4) with an attorney fees provision. (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435-436.) In determining whether an action is on a contract, the court considers the pleaded theories of recovery, the theories asserted and the evidence produced at trial, if any, and any additional evidence submitted on the motion. (*Id.* at p. 435.)

Section 10.10 of the Declaration permits recovery of attorney fees in an action "brought for the enforcement of this Declaration or as a result of any alleged

8

breach thereof." Plaintiff contends the underlying litigation was not an action on a contract or for the enforcement of the Declaration, but a statutory partition action. Defendants respond that they asserted section 1.1 of the Declaration as a defense to the partition action and as a basis for their injunctive relief cause of action in the Cross-complaint. We do not decide whether the litigation was bought to enforce the Declaration or resulted from its breach because, we conclude, the trial court did not err by finding that no party prevailed.

A party obtaining a "simple, unqualified victory by defeating the only contract claim in the action" (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 877) is entitled to recover attorney fees under Civil Code section 1717 as a matter of right, and the trial court has no discretion to deny that party attorney fees (*Hsu v. Abbara*, *supra*, at pp. 876-877). If neither party achieves such a complete victory, the trial court has discretion to determine which party prevailed on the contract or whether, on balance, neither party prevailed sufficiently to justify an award of attorney fees. (*Scott Co. v. Blount, Inc.* (1999) 20 Cal.4th 1103, 1109.)

When determining the prevailing party under Civil Code section 1717, the trial court "is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources." (*Hsu v. Abbara*, *supra*, 9 Cal.4th at p. 876.) In determining litigation success, courts should respect substance rather than form, and may be guided by equitable considerations connected to litigation success. (*Id.* at p. 877.) A party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear the party has otherwise achieved its main litigation objective. (*Ibid.*)

"The trial court exercises wide discretion in determining who, if anyone, is the prevailing party for purposes of attorney fees. [Citation.] We thus review the trial

court's ruling that there was no prevailing party for an abuse of discretion." (*Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 366.)

Defendants did not obtain a "simple, unqualified victory." (*Hsu v. Abbara*, *supra*, 9 Cal.4th at p. 877.) They opposed the Partition Complaint, and, in the Cross-complaint, sought partition in kind as an alternative. Defendants ended up paying Plaintiff over $2 million to buy its interest in the Shopping Center. Thus, the trial court enjoyed "wide discretion" (*Cussler v. Crusader Entertainment, LLC*, *supra*, 212 Cal.App.4th at p. 366) in determining which, if any, party prevailed.

Defendants' main litigation objective was to prevent partition by sale of the Shopping Center altogether. This objective was revealed in Defendants' answer, which raised affirmative defenses to the Partition Complaint, and in the Cross-complaint, which included a cause of action to enjoin partition by sale. In other words, Defendants' main litigation objective was to keep the Shopping Center and the cotenancy arrangement intact. Plaintiff's main litigation objective was the opposite: the Partition Complaint sought to sell the Shopping Center outright and divide the proceeds among the cotenants based on their respective ownership. The litigation goal of Defendants and the litigation goal of Plaintiff were inconsistent and contested. The recitals to the Settlement Agreement state that Defendants "contested [P]laintiff's request to force a sale of the entire Shopping Center" and "[Plaintiff] contested . . . any partition in kind."

Defendants contend their main litigation objective was to achieve a partition in kind of the Shopping Center and the trial court abused its discretion by not making such a finding. A fair reading of the trial court's statement of reasons is that the court at most found partition in kind to be a secondary objective. The court found that "Plaintiff did not obtain any partition of the property, but it did recover the current value of its interest in the property" and that "Defendants did not obtain a defense verdict against plaintiff or a dismissal of all of the claims against them." The Cross-complaint

10

sought to stop the partition action altogether and as an alternative, i.e., a secondary goal, sought a partition in kind.

The Settlement Agreement was the perfect compromise between the two conflicting objectives. Plaintiff got bought out and received cash for its cotenancy interest; Defendants had to pay over $2 million but maintained the integrity of the Shopping Center. No party achieved its main litigation objective. The trial court did not abuse its discretion by finding that no party prevailed for purposes of awarding attorney fees.

## II.  Attorney Fees for Partition Under Code of Civil Procedure Section 874.010

Defendants also sought attorney fees as costs of partition under Code of Civil Procedure sections 874.010 and 874.040. Under section 874.010, "[t]he costs of partition include:  [¶]  (a) Reasonable attorney's fees incurred or paid by a party for the common benefit."  (Code Civ. Proc, § 874.010, subd. (a).)  Under section 874.040, "the court shall apportion the costs of partition among the parties in proportion to their interests or make such other apportionment as may be equitable."

In the minute order denying Defendants' motion for attorney fees, the trial court stated, "[w]hether defendants' motives and actions were for the common benefit of the co-tenants or primarily for their own benefit with potential reciprocal benefits to the co-tenants need not be decided because in balancing the principal litigation objectives achieved by all parties on both sides, this is a case where the court finds the parties' realization of their litigation objectives is split down the middle."  Defendants argue the trial court erred by not making a finding whether attorney fees were incurred for the common benefit. They argue the issue, relevant under Civil Code section 1717, of whether the parties achieved their respective litigation objectives is not the same as the

11

issue, relevant under Code of Civil Procedure section 874.010, of whether attorney fees were incurred or paid by a party for the common benefit.

The final phrase of section 2.3 of the Settlement Agreement states: "[T]he Court has the right to decide that no party is entitled to an award of attorneys' fees and/or costs." The meaning of a written contract is to be determined, if possible, from the writing alone, and the words of the contract are to be understood "'in their ordinary and popular sense.'" (*Founding Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.* (2003) 109 Cal.App.4th 944, 955.)

Section 2.3 of the Settlement Agreement plainly states the parties agree to give the trial court "the right to decide that no party is entitled to an award of attorneys' fees." Without the final phrase of section 2.3, the trial court already had the ability under Civil Code section 1717 to find that no party prevailed and the ability under Code of Civil Procedure section 874.010 to find that attorney fees were not incurred for the common benefit of the cotenants. The parties did not intend any part of section 2.3 to be superfluous. (*Brandwein v. Butler* (2013) 218 Cal.App.4th 1485, 1507 ["when interpreting a contract, we strive to interpret the parties' agreement to give effect to all of a contract's terms, and to avoid interpretations that render any portion superfluous, void or inexplicable"].) Thus, we interpret section 2.3 of the Settlement Agreement to give the trial court the right, notwithstanding Civil Code section 1717 and Code of Civil section 874.010, to decide that no party could recover attorney fees. The trial court did not abuse its discretion in exercising its right granted under section 2.3 because, as we have explained, the parties reached a true compromise settlement agreement and no party achieved its main litigation objective.

12

## DISPOSITION

The order denying Defendants' motion for attorney fees is affirmed. Respondent shall recover costs on appeal.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


ARONSON, J.

13