[No. B177400. Second Dist., Div. Four. Apr. 28, 2005.]

MONIQUE KANGARLOU, Plaintiff and Appellant, v. PROGRESSIVE TITLE COMPANY, INC., et al., Defendants and Respondents.

## COUNSEL

Nick A. Alden for Plaintiff and Appellant.

Galfin, Passon & Greely, Adam M. Greely; Jose A. Mendoza and Robert J. Shulkin for Defendants and Respondents.

## OPINION

**EPSTEIN, P. J.**—This case arises from a dispute between the buyer of residential property and her escrow agent. The buyer was awarded judgment but denied attorney fees. We reverse the denial of fees because the escrow instructions contained an attorney fees clause and the buyer's suit alleged the escrow agent breached its contractual duties.

## FACTUAL AND PROCEDURAL SUMMARY

In 2001, appellant Monique Kangarlou purchased a house in Los Angeles. According to appellant, before the escrow closed, she informed the real estate agent that she could not afford the monthly payment and wanted out of the deal, but the agent threatened to withhold money she had deposited in escrow and told her she would be liable for the purchase price. The transaction was completed.

Soon after, appellant sued respondents Progressive Title Company, Inc., Westland Escrow Division, and Lori Weaver, who were her escrow agent and holder. She also sued others involved in the transaction. She alleged her real estate agent, real estate broker, and loan broker were not properly licensed, and that her escrow agent and lender violated Business and Professions Code section 10137 by transacting business through unlicensed persons or entities and by paying them commissions. She claimed breach of fiduciary duty, negligence, and negligent infliction of emotional distress. She also alleged that her signature was forged on most of the documents, including the escrow agreement and the purchase contract. Appellant sought damages and attorney fees. (The unlicensed real estate defendants suffered default and the case was settled as to all defendants except the present respondents.)

The case proceeded to trial. The jury found that respondents Progressive Title Company, Inc., Westland Escrow Division and Lori Weaver breached their fiduciary duty and owed appellant $11,800 in damages. The trial court subsequently denied appellant's request for attorney fees. Appellant filed this timely appeal.

## DISCUSSION

■ Appellant argues the trial court improperly denied her request for attorney fees. The general provisions of the amended escrow instructions provide: "In the event of failure to pay fees or expenses due you hereunder, on demand, I agree to pay the attorney's fees and costs incurred to collect such fees or expenses." Appellant argues this clause triggers the reciprocal right to attorney fees provided by Civil Code section 1717.[1] We review de novo a determination of an award of attorney fees under a contractual provision where, as here, no extrinsic evidence has been offered to interpret the contract, and the facts are not in dispute. (See *Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 [118 Cal.Rptr.2d 569].)

---

[1] All statutory references are to this code unless otherwise stated.

 Unless a contract or statute provides otherwise, each party to a lawsuit must pay its own attorney fees. (Code Civ. Proc., § 1021.) Under section 1717, "if a contract gives one party the right to recover attorney fees in an action arising out of the contract, the other party, [if it prevails], is [also] entitled to fees." (*International Billing Services, Inc. v. Emigh* (2000) 84 Cal.App.4th 1175, 1182 [101 Cal.Rptr.2d 532].)

The statute provides, in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract." (Civ. Code, § 1717, subd. (a).)

 The attorney fee clause gave the right to the escrow company to recover fees if a party failed to pay escrow costs. As we recently explained in *Paul v. Schoellkopf* (2005) 128 Cal.App.4th 147 [26 Cal.Rptr.3d 766], after the 1983 amendment to section 1717, which added the final sentence of subdivision (a), "parties may not limit recovery of attorney fees to a particular type of claim, such as failure to pay escrow costs." (*Paul v. Schoellkopf, supra,* 128 Cal.App.4th at p. 153.)

 Since it is undisputed that appellant is the prevailing party, we turn to whether her suit is an action arising out of the contract. An act such as breach of fiduciary duty may be both a breach of contract and a tort. (*Fairchild v. Park* (2001) 90 Cal.App.4th 919, 925–926 [109 Cal.Rptr.2d 442].) "[T]ort claims do not 'enforce' a contract" and are not considered actions on a contract for purposes of section 1717. (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 709 [75 Cal.Rptr.2d 376].)

 "Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of promise it is contractual; if based on breach of a noncontractual duty it is tortious. [Citation.] If unclear the action will be considered based on contract rather than tort. [Citation.] [¶] In the final

analysis we look to the pleading to determine the nature of plaintiff's claim." (*Arthur L. Sachs, Inc. v. City of Oceanside* (1984) 151 Cal.App.3d 315, 322 [198 Cal.Rptr. 483].)

As we have noted, appellant made multiple claims, but proceeded to trial on only one: breach of fiduciary duty. As the trial court explained, the jury was instructed that "plaintiff claimed Progressive Title Company breached a fiduciary duty owed to plaintiff and that the duty included obtaining evidence that a real estate broker was regularly licensed before delivering compensation, to communicate to the depositor facts learned concerning the escrow instructions or the broker's license, to exercise reasonable skill and diligence in carrying out the escrow instructions, and to comply strictly with the depositor's written instructions concerning delivery of money or documents to third persons at the close of escrow."

The jury found that respondents breached their fiduciary duty to appellant. However, since there were no special findings, we do not know which of the specified fiduciary duties the jury found that respondents breached. Accordingly, we consider each of them individually.

■ The duty of an escrow holder to obtain evidence that a real estate broker was regularly licensed before delivering compensation arises from Business and Professions Code section 10138. Respondent assumed this duty only by entering the contract to execute the escrow for appellant and the seller. Accordingly, the duty arose out of and is not outside the contract.

The duty to communicate any facts learned about the broker's licenses arises only because of the duty to obtain such evidence. Since the duty to obtain such evidence is not outside the contract, the duty to communicate those findings also is not outside the contract.

■ An escrow holder has a fiduciary duty to the escrow parties to comply strictly with the parties' instructions. (*Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.* (2002) 27 Cal.4th 705, 711 [117 Cal.Rptr.2d 541, 41 P.3d 548].) The holder only assumes this duty by agreeing to execute the escrow. The obligation to exercise reasonable skill and diligence in carrying out the escrow instructions, and to comply strictly with the depositor's written instructions are within the duties undertaken in the contract.

■ Because appellant prevailed in her suit based on the contract, she is entitled to fees.

## DISPOSITION

The order denying attorney fees is reversed, and the case is remanded to the superior court for determination of an appropriate attorney fee award. Appellant is to recover her costs on appeal.

Hastings, J., and White, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.