Filed 9/29/15  Nelson v. Peirce CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOHN BRUCE NELSON et al., | B250609 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. No. BC476548) |
| v. | |
| DUP PEIRCE et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Rolf M. Treu, Judge.  Reversed with directions.

Law Offices of Stanley Denis and Stanley Denis for Defendants and Appellants.

John Bruce Nelson, in pro. per., for Plaintiff and Respondent John Bruce Nelson.

No appearance for Plaintiff and Respondent John Bruce Nelson & Associates.

_____

Defendants Dup Peirce and Canon Escrow (Canon) appeal from the trial court's order denying their postjudgment motion for attorney fees incurred in defending against plaintiff real estate broker's action to recover a commission or damages. They contend they were entitled to such fees under a fee provision in the escrow instructions, to which the broker was expressly made a party for the purpose of his compensation, and the provisions of Civil Code section 1717.[1] We agree. Accordingly, we reverse and remand for a determination of the amount of attorney fees.

## BACKGROUND

### The pleadings

John Bruce Nelson filed this action in propria persona, and purportedly on behalf of John Bruce Nelson & Associates (JBN), a general partnership. The original complaint named Vivian Birndorf as the defendant, but subsequently dismissed her and named Peirce and Canon as defendants. The operative second amended complaint alleged Peirce and Canon (which is owned by Peirce) served as the escrow holder in relation to Birndorf's sale of a home. The listing agreement for the house specified that JBN and Ferraro and Associates were the brokers. The house sold and the purchase agreement provided in paragraph 23, "Seller or Buyer, or both, as applicable, agrees to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close of Escrow . . . ." The purchase agreement further provided a section entitled, "JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER," that (1) specified portions of the purchase agreement, including paragraph 23 regarding broker compensation, constituting "the joint escrow instructions of Buyer and Seller to Escrow Holder"; and (2) provided, "Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraph[] 23 . . . ."

---

[1] Undesignated statutory references pertain to the Civil Code.

The second amended complaint alleged plaintiffs were entitled to a $165,000 commission on the sale, but were not paid. It acknowledged that Raymond Bekeris[2] had already recovered half of that amount and that Nelson and JBN sought to recover "the other half." It further alleged Peirce and Canon sent Birndorf an e-mail informing her that Nelson was not a licensed broker, and this resulted in amendments to escrow instructions that withheld payment from Nelson and JBN.[3]

The second amended complaint set forth four causes of action against Peirce, but none against Canon. The first cause of action, for breach of contract, alleged Peirce breached the purchase agreement by failing to pay plaintiffs their commission. The second cause of action, for fraud, alleged Peirce falsely represented "that she was making a sincere and honest assessment in drafting instructions to pay commissions." The third cause of action, for breach of fiduciary duty, alleged Peirce breached a fiduciary duty to plaintiffs "by secretly and purposely failing to disclose and discuss the escrow instructions regarding commissions with Plaintiffs, while secretly working with Ferraro to draft and re-draft the important initial commission instruction, and by design, continuing to perform acts in support of the vested interest of her friend, Ferraro, over that of Plaintiffs[], during the entire course of escrow." The fourth cause of action, for intentional interference with prospective economic advantage, alleged Peirce "intentionally committed acts to disrupt and interfere with" plaintiffs' relationship with Birndorf in order to benefit Ferraro, causing plaintiffs' commission on the sale to be unpaid and interfering with their "contract to find the seller a condominium." The

[2] Although the record does not establish the relationship of Bekeris to JBN, it suggests he is either a partner in, or agent or employee of, JBN.

[3] The trial court's statement of decision after trial stated: "The evidence was uncontested that the seller instructed escrow to hold commission monies payable to Plaintiffs because seller's counsel, Mr. Denis, had obtained information from the California Department of Real Estate website than an active license for the John Bruce Nelson and Associates corporation was listed as 'Licensed NBA' which under the license codes reflected that the license was 'in a non-working status' where the licensee 'may not perform acts for which a real estate license is required in California.'"

specific acts allegedly undertaken by Peirce to interfere were "sending a misleading document to the seller [and] secretly working with Cathy Ferraro while disregarding Plaintiffs to draft commission instructions."

**The trial, verdict, and judgment**

After a three-day court trial, for which there was no court reporter, the court rendered judgment in favor of Peirce and Canon on all causes of action. The court subsequently adopted a proposed statement of decision prepared by Peirce and Canon and entered judgment in favor of defendants.

**The motion for attorney fees**

Peirce and Canon filed a motion for attorney fees, which plaintiffs opposed. The trial court denied the motion, stating, "Peirce and Canon Escrow fail to establish that the attorney fee provisions in the escrow instructions apply to an action between the broker and escrow holder with respect to paying compensation to the broker."

Peirce and Canon filed a timely appeal of the order denying attorney fees. Nelson, acting in propria persona and purportedly on behalf of JBN, filed an untimely "cross-appeal" from the judgment against them, which we have dismissed. We also notified JBN it could appear in this action only if represented by an attorney, not Nelson, and that JBN therefore did not have a proper brief before the court.

## DISCUSSION

Peirce and Canon contend the trial court erred by concluding there was no applicable contractual provision for recovery of attorney fees. They rely upon the trial court's finding that the broker was a party to the escrow for the purpose of obtaining compensation, in conjunction with provisions in the escrow instructions addressing attorney fees, construed in light of section 1717.

**The contractual relationship between broker and escrow holder**

As reflected in the statement of decision prepared by defendants and adopted by the trial court, the court concluded a contractual relationship existed between plaintiff (the broker) and defendants (the escrow holder), based upon the collective effect of the

4

listing agreement, the purchase agreement, and the "Sale Escrow Instructions from Canon Escrow, Inc." (escrow instructions). Indeed, plaintiff alleged the purchase agreement made him a party to the escrow for the purpose of compensation.

**The attorney fees provisions in the escrow instructions**

The second page of the escrow instructions contains two provisions that address attorney fees, but we need to consider only one of them. It is in paragraph 13 and states, "Time is of the essence of these escrow instructions. [I]n the event of failure to pay fees or expenses due you hereunder, on demand, I agree to pay a reasonable fee for any attorney's services which may be required to collect such fees or expenses."[4]

Although the escrow instructions do not expressly define "you" and "I" as used therein, other provisions establish that "you" refers to the escrow holder, whereas "I" refers to the other parties to the agreement. For example, paragraph 1 on the same page of the instructions states, "Your duty to act as Escrow Holder shall not commence until these instructions, signed by all parties, are received by you." In contrast, at the end of page 6 of the instructions, immediately preceding signature lines for the buyers, the instructions provide, "I/we agree to pay usual costs and Buyer charges, including, but not limited to escrow fee(s)," and the seller's signature follows a paragraph that includes the following promise: "I will hand you necessary documents called for on my part to cause title to be shown as above, which you are authorized to deliver . . . ."

**Governing legal principles**

"We review de novo a determination of an award of attorney fees under a contractual provision where, as here, no extrinsic evidence has been offered to interpret the contract, and the facts are not in dispute." (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1177 (*Kangarlou*).)

Attorney fees are not recoverable as costs unless expressly authorized by a statute or contract. (Code Civ. Proc., § 1021.) Section 1717, subdivision (a) provides, in

---

[4] It is unnecessary to construe the other provision, which is in paragraph 7, and may be an indemnity provision, not an attorney fee provision.

5

pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract."

"Thus, parties may not limit recovery of attorney fees to a particular type of claim, such as failure to pay escrow costs." (*Paul v. Schoellkopf* (2005) 128 Cal.App.4th 147, 153 (*Paul*).) In addition, "[I]f a contract gives one party the right to recover attorney fees in an action arising out of the contract, the other party, upon prevailing, is entitled to fees." (*International Billing Services, Inc. v. Emigh* (2000) 84 Cal.App.4th 1175, 1182.) Moreover, the purposes of section 1717 require it to "be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128.) And the converse is also true: "Where a nonsignatory plaintiff sues a signatory defendant in an action on a contract and the signatory defendant prevails, the signatory defendant is entitled to attorney fees only if the nonsignatory plaintiff would have been entitled to its fees if the plaintiff had prevailed." (*Real Property Services Corp. v. City of Pasadena* (1994) 25 Cal.App.4th 375, 382.)

The provisions of section 1717 apply only to contractual claims. (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 820.) "'Whether an action is based on contract or tort depends upon the nature of the right sued upon, not the form of the pleading or relief demanded. If based on breach of a promise it is contractual; if based on

6

breach of a noncontractual duty it is tortious. [Citation.] If unclear the action will be considered based on contract rather than tort.'" (*Kangarlou*, *supra*, 128 Cal.App.4th at p. 1178.) "Any action that is based on a contract is an action on that contract regardless of the relief sought." (*Brown Bark III*, at p. 821.)

**Applicability of the attorney fee provision to broker and this action**

The terms of the attorney fee provision in paragraph 13 of the escrow instructions are identical to that addressed in *Paul*, *supra*, 128 Cal.App.4th at page 152. The litigants in *Paul*, however, were the seller and purchaser of the real property. The court stated: "By this provision, the escrow company and the parties manifested an intent to pay attorney fees to the escrow company if its fees or expenses went unpaid and an attorney's services were required to collect them. [¶] We note that section 1717 would have made this right reciprocal had the lawsuit been over the performance of the escrow." (*Paul*, at p. 152.) The court concluded "the parties indicated their intent to limit recovery of fees to conflicts over the execution of the escrow," but the litigation between the seller and purchaser was not such an action. (*Id.* at p. 153.)

An essentially identical attorney fee provision in escrow instructions was later held to support an award of attorney fees in favor of a purchaser of real property who prevailed in her action against an escrow holder for breach of fiduciary duty in *Kangarlou*, *supra*, 128 Cal.App.4th at pages 1177–1178. The court explained: "The attorney fee clause gave the right to the escrow company to recover fees if a party failed to pay escrow costs. As we recently explained in *Paul*[, *supra*,] 128 Cal.App.4th 147, after the 1983 amendment to section 1717, which added the final sentence of subdivision (a), 'parties may not limit recovery of attorney fees to a particular type of claim, such as failure to pay escrow costs.' (*Paul* [], *supra*, 128 Cal.App.4th at p. 153.)" (*Kangarlou*, *supra*, 128 Cal.App.4th at p. 1178.)

Pursuant to section 1717, the attorney fee provision in paragraph 13 of the escrow instructions in this case is reciprocal and is not limited in application to litigation to recover escrow costs, but instead applies to the entire contract. Moreover, the trial court

concluded the escrow instructions were part of the contract between Canon and the brokers, and the brokers were a party to the escrow for the purpose of compensation. These findings are not challenged on appeal. This action was an attempt by the broker to recover his compensation from the escrow holder. Had the broker prevailed, he would have been entitled to recover attorney fees under paragraph 13, which applies expansively to the entire contract pursuant to section 1717, including the provision for compensation of the broker. Accordingly, pursuant to reciprocity under section 1717, the escrow holder is entitled to recover attorney fees against plaintiff broker with respect to contractual claims.

**All causes of action are actually contractual in nature**

The breach of contract cause of action seeking payment of the broker's commission was clearly an action on the contract. The second cause of action, for fraud, alleged only that Peirce falsely represented "that she was making a sincere and honest assessment in drafting instructions to pay commissions." At trial, according to the statement of decision, plaintiffs neither proved that allegation nor offered evidence "that Defendants made any representation as to an important fact that was false." The misrepresentation alleged was essentially that the escrow holder was acting sincerely and honestly in performing her contractual duty. The claimed falsity is tantamount to alleging a breach of that contractual duty. Thus, although framed as a tort, the claim is nonetheless contractual.

The third cause of action, for breach of fiduciary duty, alleged Peirce breached a fiduciary duty to plaintiff by modifying the commission instructions to favor Ferraro, but plaintiff abandoned this theory at trial. According to the statement of decision, he instead proceeded on the theory that Peirce breached her fiduciary duty "by providing false or misleading licensing information regarding the licenses of Raymond Bekeris and/or John Bruce Nelson and Associates to seller's attorney and Cathy Ferraro [] and/or failing to provide that same licensing information to Defendants [*sic*]." "The duty of an escrow holder to obtain evidence that a real estate broker was regularly licensed before

8

delivering compensation arises from Business and Professions Code section 10138. [The escrow holder] assumed this duty only by entering the contract to execute the escrow for appellant and the seller. Accordingly, the duty arose out of and is not outside the contract. [¶] The duty to communicate any facts learned about the broker's licenses arises only because of the duty to obtain such evidence. Since the duty to obtain such evidence is not outside the contract, the duty to communicate those findings also is not outside the contract." (*Kangarlou*, *supra*, 128 Cal.App.4th at p. 1179.) Accordingly, the breach of fiduciary duty cause of action is also contractual in nature.

The fourth cause of action, for intentional interference with prospective economic advantage, was based on the same alleged conduct by Peirce entailed in the breach of fiduciary duty cause of action, i.e., sending Birndorf "misleading" documentation regarding the broker's license status and favoring Ferraro while drafting commission instructions. Accordingly, because this alleged misconduct was simply the performance of duties that arose only because Peirce and Canon entered into the escrow contract, the cause of action is also contractual for purposes of section 1717.

Peirce and Canon therefore were entitled to attorney fees with respect to the entire action.

## DISPOSITION

The order denying attorney fees is reversed and the cause is remanded to the trial court for determination of an appropriate attorney fee award.  Peirce and Canon are awarded their costs on appeal.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


ROTHSCHILD, P. J.


CHANEY, J.