Filed 5/26/16  Ruballos v. Ruballos CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ROSA RUBALLOS, | B268343 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC531515) |
| v. | |
| WILFREDO RUBALLOS et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Suzanne G. Bruguera, Judge.  Reversed.

Henry W. Bockman for Plaintiff and Appellant.

Law Offices of Bradford L. Treusch and Bradord L. Treusch for Defendants and Respondents.

_____

This is the second appeal in this matter.  In the first appeal, Rosa Ruballos (Ruballos) challenged a trial court order granting a defense motion to strike her second amended complaint and dismissing the complaint with prejudice.  We affirmed the trial court judgment in a nonpublished opinion (*Ruballos v. Ruballos, et al.* (Mar. 2, 2016, B261781.)  The instant appeal challenges the subsequent trial court order awarding attorney fees to defendants Wilfredo Ruballos, Yensi Zaldana, Duglas Ruballos, and Ana Ruballos (collectively "defendants").  We reverse the attorney fee award.

### FACTUAL AND PROCEDURAL BACKGROUND

As explained in greater detail in our prior opinion, Ruballos's complaint arose out of a dispute between the parties regarding a five-year lease Ruballos's husband, Jose Ruballos, signed with defendants in May 2012 ("the lease"), prior to the dissolution of the marriage.[1]  The lease allowed defendants—Jorge's relatives—to occupy one-half of a duplex the couple owned.  Ruballos was not a signatory to the lease.  A March 2013 dissolution judgment awarded Ruballos exclusive use of the property.[2]  In or around June 2013, Ruballos unsuccessfully attempted to evict defendants.  According to Ruballos, she learned of the lease only after she initiated the unlawful detainer proceedings.  The court hearing the unlawful detainer action found the lease was valid and in effect until 2017; the duplex was community property Ruballos and Jorge owned equally; Ruballos's eviction proceedings were not brought in good faith and constituted a retaliatory eviction; and Ruballos's testimony was not credible.  The court deemed the action a frivolous suit and ordered Ruballos to pay defendants' attorney fees.  Ruballos then filed another lawsuit, alleging defendants conspired to defraud her by secretly entering the lease.

---

[1]    For clarity we will refer to Jorge Ruballos as "Jorge," and to Rosa Ruballos (Linares) as "Ruballos."

[2]    As to the property, the court further ordered:  "The property shall be sold on or after November 1, 2016 commencing November 1, 2012.  Respondent [Ruballos] to pay all costs of ordinary maintenance and repairs.  Extraordinary repairs to be paid by both parties equally. . . .  Petitioner [Jorge] to vacate premises by February 15, 2013 and to pay the mortgage, water bill and one half the house insurance (monthly) until February 15, 2013."

After a series of demurrers sustained with leave to amend and subsequent amendments to the complaint, the trial court granted defendants' motion to strike the second amended complaint and dismissed the action with prejudice.

Defendants filed a motion for attorney fees pursuant to Code of Civil Procedure section 128.7 and the lease. The trial court denied defendants' request for fees pursuant to Code of Civil Procedure section 128.7 because defendants had not complied with the statute's safe harbor provision. However, the court concluded Ruballos's complaints "directly relate to the leasehold and the Lease Agreement which allows for attorney's fees to the prevailing party." The court thus awarded defendants $16,880 in attorney fees.

## DISCUSSION

Ruballos contends the trial court erred in awarding attorney fees to defendants. We agree that the award of attorney fees was not authorized under the lease or Civil Code section 1717[3] because Ruballos's claims sounded in tort and were not "on the contract."[4]

## I.      The Attorney Fee Provision

The lease contained the following provision: "If the Tenant(s) fail to pay rent as agreed in this Lease, the Landlord may give Tenant(s) a 5-day notice to pay rent or quit. If the rent remains unpaid at the end of the 5 day period, the Landlord may initiate an unlawful detainer action seeking possession of the property and other remedies and costs associated with the eviction, including reasonable attorney's fees if appropriate." Defendants contend the lease provided for the award of attorney fees, Ruballos's claims arose out of the lease agreement, and, under section 1717, they are therefore entitled to fees.

---

[3]      All further statutory references are to the Civil Code unless otherwise stated.

[4]      In her opening brief, Ruballos argued defendants' motion for attorney fees was untimely filed and thus improperly granted. In her reply, Ruballos expressly abandoned and waived this argument. Ruballos has also presented arguments regarding collateral estoppel and res judicata. We do not find those arguments relevant to an evaluation of the attorney fee award and we do not consider them.

3

## II. An Attorney Fee Award Was Not Authorized by Contract or by Statute

### A. Applicable Legal Principles

"As a general rule, each party to litigation must bear its own attorney fees, unless otherwise provided by statute or contract. (Code Civ. Proc., § 1021.) 'The determination of the legal basis for an award of attorney fees is a question of law which we review de novo. [Citation.]' [Citation.]" (*Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 434.)

Although the lease only explicitly authorizes fees to the landlord, defendants argue they are entitled to fees under section 1717. Section 1717 provides in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract."[5] (§ 1717, subd. (a)).

However, "Civil Code section 1717 has a limited application. It covers only contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of attorney fees incurred to enforce that contract. Its only effect is to make an otherwise unilateral right to attorney fees reciprocally binding upon all parties to actions to enforce the contract." (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1342, italics omitted.) Thus, by its terms, section 1717 operates only when an action is "on the contract." " 'California

---

[5]     The second sentence of section 1717, subdivision (a), has been interpreted to mean parties cannot limit attorney fees to a particular type of claim under the contract. (*Paul v. Schoellkopf* (2005) 128 Cal.App.4th 147, 153; *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1147.)

4

courts construe the term "on a contract" liberally. " 'As long as the action "involve[s]" a contract it is " 'on [the] contract' " within the meaning of section 1717. [Citations.]' [Citations.]" [Citation.]' [Citations.]" (*Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 821.) As one court has explained it, "[a]n action (or cause of action) is 'on a contract' for purposes of section 1717 if (1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement; and (2) the agreement contains an attorney fees clause." (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 241-242.)

While whether a claim is "on a contract" is liberally construed, section 1717 does not apply to tort claims. Moreover, it "is well settled that '. . . an action for fraud seeking damages sounds in tort, and is not "on a contract" for purposes of an attorney fee award, even though the underlying transaction in which the fraud occurred involved a contract containing an attorney fee clause.' [Citations.]" (*Loube v. Loube* (1998) 64 Cal.App.4th 421, 430.) Even if the parties have a contractual relationship, "[a] tort action for fraud arising out of a contract is not . . . an action 'on a contract' within the meaning of [section 1717]." (*Stout v. Turney* (1978) 22 Cal.3d 718, 730.)

When evaluating whether an action or cause of action is "on a contract," courts consider factors such as "the pleaded theories of recovery, the theories asserted and the evidence produced at trial, if any, and also any additional evidence submitted on the motion in order to identify the legal basis of the prevailing party's recovery." (*Boyd v. Oscar Fisher Co.* (1989) 210 Cal.App.3d 368, 377.)

## B. Analysis

Ruballos's claims revolved around the lease, but "a cause of action does not warrant a recovery under Civil Code section 1717 *merely* because a contract with an attorney's fees provision is part of the backdrop of the case." (*Perry v. Robertson* (1988) 201 Cal.App.3d 333, 343.) While Ruballos had previously attempted to evict defendants, the subsequent suit she filed was essentially a fraud claim—she contended Jorge and the

5

defendants colluded to defraud her of her rights in the property. She continued to seek to void the lease (until Jorge and the defendants executed a termination of the lease and vacated the property), but this reflected her efforts to avoid the lease rather than to enforce it. (See e.g., *Perry, supra,* 201 Cal.App.3d at pp. 342-343 [describing line of cases that denied attorney fees under section 1717 where prevailing party recovered on a legal theory of fraud in the inducement of a contract; such actions seek to avoid the contract, and the duty not to commit such fraud is "precontractual, it is not an obligation undertaken by the entry into the contractual relationship."].)

Although the exact legal theory underlying the complaints was not entirely clear, nothing in the pleadings suggests Ruballos's claims sounded in contract. Instead, the complaints appeared to allege causes of action for "conspiracy to breach fiduciary duty," or "conspiracy to defraud." (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 709 [claims for constructive fraud and breach of fiduciary duty were not brought to enforce terms of a lease and were not "on the contract" within the meaning of section 1717].) In all iterations of the complaint, Ruballos alleged she was not a party to the lease, and in fact was a stranger to the lease. The second amended complaint added a property damage claim—which was stricken—but even that claim did not appear to seek enforcement or interpretation of the parties' duties under the lease. (See *DeMirjian v. Ideal Heating Corp.* (1949) 91 Cal.App.2d 905, 909-911 [provision allowing lessors to recoup attorney fees in an action to enforce lessors' rights under lease did not authorize fees for claims of lessee negligence resulting in property damage].)

Ruballos's action did not seek to define or interpret the terms of the lease or to determine or enforce the parties' rights or duties under the agreement. The crux of Ruballos's claims was that defendants allegedly worked with Jorge to defraud her, and they aided Jorge in breaching his fiduciary duties to her—duties arising out the marital relationship rather than any contract. Further, her claims were independent of any contract claims; the defendants' alleged liability for fraud, conspiracy, or, presumably negligence in damaging the property, was unconnected to a breach of the lease. While the lease was the object or result of the alleged fraud or breach of fiduciary duty,

6

adjudicating those claims as alleged would not hinge on whether the lease was otherwise valid, or defendants' obligations under the lease. A claim based on a breach of a noncontractual duty is a tortious action rather than a contractual one. (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1178.) " '[T]ort claims do not "enforce" a contract' and are not considered actions on a contract for purposes of section 1717." (*Kangarlou,* at p. 1178; *Hyduke's Valley Motors v. Lobel Financial Corp., supra,* 189 Cal.App.4th at p. 436 [fact that complaint pleaded breach of contract cause of action was not dispositive; section 1717 did not apply because gravamen of action was not to enforce anyone's rights under the contract containing attorney fee provision].)

### C. Absent Section 1717, the Lease Did Not Authorize Fees in this Case

"As to tort claims, the question of whether to award attorneys' fees turns on the language of the contractual attorneys' fee provision, i.e., whether the party seeking fees has 'prevailed' within the meaning of the provision and whether the type of claim is within the scope of the provision." (*Exxess Electronixx v. Heger Realty Corp., supra,* 64 Cal.App.4th at p. 708.) The attorney fee provision in the lease did not authorize an award of fees in this case. It was a unilateral provision authorizing the landlord to recoup attorney fees related to eviction proceedings. Under the provision, defendants, the tenants, were not entitled to fees incurred in defending against Ruballos's claims. (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 622, fn. 9, citing *Rosen v. Robert P. Warmington Co.* (1988) 201 Cal.App.3d 939 [narrowly drawn attorney fee provision in lease that covered only claims to recover possession of premises, collect money due, or enforce other provision of the lease did not give defendant the right to recover attorney fees incurred in defense of tort claims]; *Brown Bark III, L.P. v. Haver, supra,* 219 Cal.App.4th at p. 820 ["Section 1717 does not make a unilateral fee provision reciprocal on tort or other noncontract claims."].)

7

## DISPOSITION

The trial court order is reversed.  Appellant shall recover her costs on appeal.


BIGELOW, P.J.

We concur:


RUBIN, J.


FLIER, J.