Filed 10/16/24  Drink Tank Ventures v. Real Soda in Real Bottles CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| DRINK TANK VENTURES, LLC,<br><br>　　　Plaintiff and Appellant,<br><br>　　v.<br><br>REAL SODA IN REAL BOTTLES, LTD.,<br><br>　　　Defendant and Respondent. | B328365<br><br>(Los Angeles County Super. Ct. No. BC654392)<br><br>ORDER MODIFYING OPINION AND DENYING REHEARING<br><br>NO CHANGE IN THE JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on September 26, 2024, be modified as follows:

1. On page eleven, in the sentence beginning "Although plaintiff is correct" in the first full paragraph, change "plaintiff" to "Drink Tank," so that the full sentence reads:

   > Although Drink Tank is correct that the law of the case doctrine does not apply to "questions of fact" in a manner that precludes what facts may be introduced on remand (e.g., *People v. Barragan* (2004) 32 Cal.4th 236, 246), that principle does not apply here, where our prior opinion merely summarized the jury instructions set forth in the clerk's transcript.

2. On page eleven, in the sentence beginning "More to the point" in the first full paragraph, change "plaintiff's" to "Drink Tank's," so that the full sentence reads:

   > More to the point, and even if we elect not to apply the law of the case doctrine and review the jury instructions anew, Drink Tank's argument misleadingly misrepresents the record.

3. On page twelve, after the last sentence of the paragraph ending "'the concept of . . . violat[ing] . . . the NDA,'" add the following sentence:

   > Although, as Drink Tank argues in its petition for rehearing, a breach of contract can also be prosecuted as a tort ""when the actions that constitute the breach violate a social policy that merits the

imposition of tort remedies"'"" (*Aas v. Superior Court* (2000) 24 Cal.4th 627, 643, overruled on other grounds by *McMillin Albany LLC v. Superior Court* (2018) 4 Cal.5th 241, 254), here Real Soda's alleged liability for using confidential information and diverting business derives solely from the parties' contract; there is no independent social policy in play.

\* \* \*

There is no change in the judgment.

Appellant's petition for rehearing is denied.

_____

LUI, P. J.        ASHMANN-GERST, J.        HOFFSTADT, J.

Filed 9/26/24  Drink Tank Ventures v. Real Soda in Real Bottles CA2/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DRINK TANK VENTURES, LLC, | B328365 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC654392) |
| v. | |
| REAL SODA IN REAL BOTTLES, LTD., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel S. Murphy, Judge.  Affirmed.

JDP and Jeff Dominic Price for Plaintiff and Appellant.

Felsenthal Law Firm and David B. Felsenthal for Defendant and Respondent.

* * * * * *

Drink Tank Ventures, LLC (Drink Tank) convinced a jury to award $350,000 on a claim for intentional interference with a prospective economic advantage that was premised entirely on the breach of a contract.  Drink Tank then convinced the trial court to award attorney fees pursuant to that contract.  We overturned that verdict on appeal, concluding that Drink Tank's sole claim was invalid as a matter of law because it was, at bottom, a contract claim impermissibly masquerading as a tort.  On remand, the trial court awarded fees to Drink Tank's adversary under the contract and Civil Code section 1717.[1] Notwithstanding its prior position, Drink Tank argues on appeal that the contract does *not* support an award of attorney fees. This position is without merit, so we affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.     Facts

#### A.     *Drink Tank signs a nondisclosure agreement*

Drink Tank and Real Soda in Real Bottles, Ltd. (Real Soda) are both in the business of distributing beverages and other consumables to retailers and restaurants in the Southern California region.  Real Soda distributes old-timey sodas; Drink Tank, drinks and snacks.

When Drink Tank expressed an interest in acquiring Real Soda, Drink Tank and Real Soda in June 2014 signed a Mutual

---

[1]     All further statutory references are to the Civil Code unless otherwise indicated.

Non-Disclosure and Non-Circumvention Agreement (the NDA). Among other provisions, the NDA (1) obligated the parties not to "directly or indirectly . . . divert any business, relationships, contracts or other benefits, or otherwise impair any business relationship the [other] has with any third [p]arty" for a period of at least two years, and (2) declared that the "Discloser"—defined as whichever "[p]arty [is] disclosing [confidential] information" to the other party regarding the contemplated acquisition—"shall be entitled to reasonable attorneys' fees and costs" "[i]n the event a dispute arises under" the NDA, "in addition to all other remedies available to the Discloser . . . at law or otherwise."

**B.** *A third company pits Drink Tank and Real Soda against each other*

So Cal Beverage Distributor (So Cal Beverage) is the name used by Tico Group, Inc., which was in the business of distributing beer, wine, and spirits in the Southern California region. Joseph Tchan (Tchan) was in charge of So Cal Beverage.

In the fall of 2014 and into early 2015, Tchan offered to sell So Cal Beverage to both Drink Tank and Real Soda at the same time. As part of this business love triangle, Tchan flirted with both entities while keeping his duplicitous philandering a secret. Tchan went so far as to accept a sizable deposit from Real Soda pursuant to a signed deal while still leading on Drink Tank by making edits to a prospective deal contract. Ultimately, Real Soda won out and purchased So Cal Beverage, although Real Soda later had to unwind the deal after So Cal Beverage turned out not to be the prize it pretended to be.

3

## II.    Procedural Background

### A.    *Drink Tank sues Real Soda and prevails at trial*

In March 2017, Drink Tank sued Real Soda and its founder.  As pertinent here, Drink Tank brought claims for (1) breach of contract, based on breach of the NDA, and (2) intentional interference with a prospective economic advantage, based on Real Soda's "independently wrongful" conduct of "breach[ing ] the NDA . . . in addition to tortiously interfering in [Drink Tank's] economic relationship and negotiations with [So Cal Beverage]."

On the first day of trial, Drink Tank narrowed its lawsuit by dropping its breach of contract claim.  And during the trial, Drink Tank narrowed its sole remaining claim for intentional interference with a prospective economic advantage to rest solely on Real Soda's "violat[ion of] the written" NDA.  After the trial court implicitly concluded that Real Soda's violation of the NDA constituted independently wrongful conduct to support the intentional interference claim, the jury found on a special verdict form that Real Soda had "engage[d] in conduct that violated the written [NDA]."

The jury awarded Drink Tank $250,000 in lost business opportunity damages and $100,000 in lost profits.

Drink Tank moved for $785,981.70 in attorney fees pursuant to the fees clause in the NDA.  After finding Drink Tank had overbilled and overcharged, the trial court awarded attorney fees of $280,700.

### B.    *We reverse the jury's verdict on appeal*

In November 2021, we reversed the jury's verdict after concluding that a "bare breach of contract"—here, the alleged breach of the NDA—did not constitute "independently wrongful

4

conduct capable of giving rise to the tort of intentional interference with a prospective economic advantage." (*Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.* (2021) 71 Cal.App.5th 528, 540 (*Drink Tank I*).) Because Drink Tank had narrowed its lawsuit to solely that claim on solely that theory, we were forced to overturn the jury's verdict premised on that invalid claim and, because Drink Tank was no longer the prevailing party, were forced to vacate the award of attorney fees. (*Id.* at pp. 545-547.)

### C. *Real Soda seeks attorney fees on remand*

On remand, the trial court entered a dismissal of Drink Tank's complaint, and Real Soda thereafter moved for $906,825 in attorney fees pursuant to the fees clause in the NDA. After a full round of briefing and a hearing, the trial court granted Real Soda $604,700 in attorney fees after discounting counsel's hourly rate. The court reasoned that Drink Tank's sole claim against Real Soda was for an "action 'on the contract'"—and thus a proper basis for an award under section 1717—because "[a]s the Court of Appeal held, [Drink Tank] based its claim for intentional interference on a purported breach of the NDA, which is not a tort."

### D. *Drink Tank appeals*

Following entry of an amended judgment, Drink Tank filed this timely appeal.

### DISCUSSION

Drink Tank argues that the trial court erred in awarding Real Soda attorney fees because (1) there is no statutory basis for such fees, and (2) the amount of fees cannot be greater than zero because Real Soda lost at every step of the litigation except in the prior appeal. An award of attorney fees is reviewed for an abuse

5

of discretion, although we review all subsidiary legal questions—including whether there is a legal basis for the attorney fees award—de novo. (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751 (*Mountain Air*).)

## I.   Basis for Attorney Fee Award

### A.   *Pertinent law*

California follows the so-called "American rule" when it comes to attorney fees:  Parties in civil litigation bear their own unless a contract or statute provides otherwise.  (Code Civ. Proc., §§ 1021, 1032, subd. (b), 1033.5, subd. (a)(10); *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606-607 & fn. 4 (*Santisas*); *Mountain Air*, *supra*, 3 Cal.5th at p. 751.)  Thus, the "'[p]arties [to a contract] may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.'" (*Santisas*, at p. 608, quoting *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341; *Mountain Air*, at p. 751.)  Further, and alternatively, the parties may seek fees under section 1717, which provides an additional, supplemental basis for awarding "reasonable attorney's fees." (§ 1717, subd. (a).)  In some respects, this statute is similar to (and thereby reinforces) the parties' general right to contractually reallocate who pays attorney fees because it is triggered only where there is a contract that "specifically provides that attorney's fees and costs . . . shall be awarded." (*Ibid.*)  Yet the relief section 1717 authorizes is simultaneously narrower and broader than the parties' general right to contract for attorney fees:  It is narrower because it only applies in "an[] action on a contract" and limits the recovery of fees to those "incurred to enforce that contract," even when the parties incur fees litigating other non-contract

6

based claims (§ 1717, subds. (a) & (c); *Eden Township Healthcare Dist. v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 426; *Hyduke's Valley Motors v. Lobel Financial Corp.* (2010) 189 Cal.App.4th 430, 435 (*Hyduke's*)), and it is broader because it can authorize an award to a litigant who is *not* otherwise entitled to attorney fees under the plain text of the contract (specifically, a litigant can recover fees under the reciprocal effect of section 1717 even if the contract only authorizes recovery by one of the parties to the contract and even if that litigant is trying to negate the contract in response to the opposing party trying to enforce the contract) (*Santisas*, at pp. 610-611).

Thus, when a party seeks attorney fees under section 1717, the threshold question is whether the lawsuit is "an[] action on a contract."

As a general rule, "[a] tort action"—even one "arising out of a contract"—"is not . . . an action 'on a contract.'" (*Stout v. Turney* (1978) 22 Cal.3d 718, 730 (*Stout*); *Santisas*, *supra*, 17 Cal.4th at p. 619 ["section 1717 does not apply to [tort] claims"]; *Hyduke's*, *supra*, 189 Cal.App.4th at p. 435; *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 708 (*Exxess*).) That is because the duties that give rise to tort liability typically exist "*independent* of [any] contract" (*Jones v. Kelly* (1929) 208 Cal. 251, 254-255 (*Jones*), italics added), such that "tort claims" typically "do not 'enforce' a contract" within the meaning of section 1717 (*Exxess*, at p. 709; *Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1178 (*Kangarlou*); *Orozco v. WPV San Jose, LLC* (2019) 36 Cal.App.5th 375, 408 (*Orozco*)).

But tort claims are not *categorically* outside of section 1717's ambit merely because they fall under the umbrella of being a "tort." In other words, the ""form of the pleading or relief

demanded""" is not dispositive. (*Amtower v. Photon Dynamics, Inc.* (2008) 158 Cal.App.4th 1582, 1602, quoting *Kangarlou, supra*, 128 Cal.App.4th at p. 1178.) Instead, courts must examine the "basis" or "gravamen" of the action and assess whether the right sought to be enforced by the claim arises out of a contract rather than out of a duty independent of any contract. (*Cussler v. Crusader Entertainment, LLC* (2012) 212 Cal.App.4th 356, 365-366 (*Cussler*) [looking to "basis" of cause of action]; *Hyduke's, supra*, 189 Cal.App.4th at p. 436 [looking to "gravamen"]; *Yoon v. CAM IX Trust* (2021) 60 Cal.App.5th 388, 392 (*Yoon*) [same]; *Orozco, supra*, 36 Cal.App.5th at p. 409 [same]; *Mitchell Land & Improvement Co. v. Ristorante Ferrantelli, Inc.* (2007) 158 Cal.App.4th 479, 487-488 (*Mitchell*) [same]; *Kangarlou*, at p. 1178 [looking to "'the nature of the right sued upon'"]; *Hjelm v. Prometheus Real Estate Group, Inc.* (2016) 3 Cal.App.5th 1155, 1174 [same]; *Amtower*, at p. 1602 [same]; *Fairchild v. Park* (2001) 90 Cal.App.4th 919, 924-925 (*Fairchild*) [same]; *Arthur L. Sachs, Inc. v. City of Oceanside* (1984) 151 Cal.App.3d 315, 322 [same].)[2]

Where a tort claim enforces a duty independent of a contract, that claim is not "an[] action on a contract" and section 1717 does not apply. Thus, a claim for fraud in the inducement of

_____

[2] Some cases have held that a claim is "an[] action on a contract" as long as the claim "involve[s]" a contract (e.g., *Yoon, supra*, 60 Cal.App.5th at p. 393); to the extent that this language reaches beyond situations in which the contract provides the source of the right sued upon, this would appear to reach beyond the scope of section 1717 as interpreted by other courts. (E.g., *Jones, supra*, 208 Cal. at pp. 254-255 ["[a] tort . . . is none the less such because it *incidentally involves* a breach of the contract," italics added].)

8

a contract is not "an[] action on a contract" because the duty not to lie *precedes* the formation of the contract and is thus independent of the contract. (See *Stout*, *supra*, 22 Cal.3d at pp. 721-722, 730; *Orozco*, *supra*, 36 Cal.App.5th at pp. 389, 408.) Similarly, claims for constructive fraud and breach of fiduciary duty are not "action[s] on a contract" where they do not enforce any underlying contract. (*Exxess*, *supra*, 64 Cal.App.4th at pp. 708-709.)

But where the viability of a tort claim rests on a duty created by a contract, and thereby enforces that contract, that claim is "an[] action on a contract" and section 1717 applies. Thus, courts have held that section 1717 applies to claims for breach of fiduciary duty, breach of the warranty of habitability, unlawful detainer, and declaratory relief—despite being generally classified as torts or statutory claims—when those claims, based on the pleadings and subsequent positions taken during litigation, rest on a party's failure to adhere to a duty created by a contract. (*Kangarlou*, *supra*, 128 Cal.App.4th at p. 1179 [breach of fiduciary duty]; *Fairchild*, *supra*, 90 Cal.App.4th at p. 925 [breach of warranty of habitability]; *Mitchell*, *supra*, 158 Cal.App.4th at p. 488 [unlawful detainer]; cf. *Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1071-1072, 1075 [same]; *Cussler*, *supra*, 211 Cal.App.4th at pp. 365-366 [declaratory relief]; *Exxess*, *supra*, 64 Cal.App.4th at pp. 706-707 [same].) More pertinent here, this same principle has been applied to a claim for intentional interference with a prospective economic advantage resting on a party's failure to adhere to a contract-based duty. (*Artnz Contracting Co. v. St. Paul Fire & Marine Ins. Co.* (1996) 47 Cal.App.4th 464, 478-479 (*Artnz*).) In that instance, the "contracting party's unjustified failure or

9

refusal to perform is a breach of contract, and cannot be transmuted into tort liability by claiming that the breach detrimentally affected the promisee's business." (*Id.* at p. 479) To borrow a folksy aphorism, a pig in lipstick is still a pig, and a contract claim dressed as a tort is still a contract claim.

### B.    *Analysis*

We independently agree with the trial court that Drink Tank's claim for intentional interference with a prospective economic advantage is "an[] action on a contract," such that Real Soda may avail itself of the reciprocity provided by section 1717 in seeking attorney fees. Although Drink Tank initially pled that claim more broadly to rest upon Real Soda's "tortious[] interfer[ence] in [its] economic relationship and negotiations with [So Cal Beverage]," as well as Real Soda's alleged breach of the NDA, Drink Tank subsequently narrowed its claim by defining the "independently wrongful conduct" underlying that claim to turn solely on whether Real Soda had "violated the written" NDA; in so doing, Drink Tank converted the claim into a vehicle aimed solely at enforcing the NDA's contractually created duties. (Accord, *Artnz*, *supra*, 47 Cal.App.4th at pp. 478-479 [intentional interference with prospective economic advantage claim that turns on a breach of contract is "an[] action on a contract"].)

Drink Tank resists this conclusion with what boils down to three arguments.

First, Drink Tank argues that intentional interference with a prospective economic advantage is a tort. Although Drink Tank is correct that this claim is a tort (e.g., *Ixchel Pharma, LLC v. Biogen, Inc.* (2020) 9 Cal.5th 1130, 1140-1141; *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2 Cal.5th 505, 518), Drink Tank ignores that this classification is not

10

dispositive; instead, courts must examine whether that tort—as alleged in a particular case—is enforcing a right derived from, or independent of, a contract. Unlike Drink Tank, we cannot ignore this second step.

Second, Drink Tank argues that it never narrowed its claim for intentional interference with a prospective economic advantage to rest solely on the breach of the NDA; instead, Drink Tank asserts, it was *Real Soda* who proposed the jury instruction that the trial court ultimately used to define the "wrongful conduct" underlying that claim, such that Real Soda "invited" the error and cannot profit from its own invitation through an award of attorney fees. To begin with, this argument is a collateral attack on our prior appellate opinion, where we held that "there is no question that Drink Tank opted to rest its claim solely on violations of the NDA." (*Drink Tank I*, *supra*, 71 Cal.App.5th at p. 536, fn. 4.) Such collateral attacks are impermissible. (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127 [discussing "law of the case" doctrine]; *Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1506; *City of Santa Paula v. Narula* (2003) 114 Cal.App.4th 485, 491-492.) Although plaintiff is correct that the law of the case doctrine does not apply to "questions of fact" in a manner that precludes what facts may be introduced on remand (e.g., *People v. Barragan* (2004) 32 Cal.4th 236, 246), that principle does not apply here, where our prior opinion merely summarized the jury instructions set forth in the clerk's transcript. More to the point, and even if we elect not to apply the law of the case doctrine and review the jury instructions anew, plaintiff's argument misleadingly misrepresents the record. Although the precise verbiage the trial court used to instruct the jury was proposed by Real Soda, Drink

11

Tank had previously proposed an instruction narrowing the basis of its claim to whether Real Soda had "violat[ed] . . . the written [NDA]" or "the concept of . . . violat[ing] . . . the NDA."

Third, Drink Tank argues that our prior opinion did not say that Drink Tank's action was "an[] action on a contract" within the meaning of section 1717. This is both correct and irrelevant. We did not discuss this issue because it was not before us; the sole question was whether the attorney fee award in Drink Tank's favor had to be vacated in light of our conclusion that Drink Tank was no longer the prevailing party. We did not address whether *Real Soda* would be entitled to attorney fees. Our silence on an issue not before us means nothing.[3]

## II.    Amount of Attorney Fees

Drink Tank does not attack the reasonableness of the amount of the attorney fees award except to assert that *any* award of fees to Real Soda is "inequitable" because Real Soda lost before the jury and because we overturned the verdict in part on a ground not advanced by Real Soda in the last appeal (that is, the trial court's lack of subject matter jurisdiction over a legally invalid claim). These concerns are irrelevant. Our task is not to grade counsel's performance; instead, it is to examine whether Real Soda prevailed in the litigation and whether the claim against which it prevailed was "an[] action on a contract." Because the answer to both of those questions is "yes," Real Soda is entitled to attorney fees under section 1717.

---

[3]    In light of our analysis, we have no occasion to examine Real Soda's alternative argument that it is entitled to fees under the plain language of the NDA's attorney fees clause pursuant to Code of Civil Procedure section 1021.

## DISPOSITION

The order is affirmed.  Real Soda is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

13